CASE 96—ACTION TO ENFORCE LIEN ON LAND—JUNE 13.

# Griffith and Wife v. Bluegrass Building and Loan Association.

### APPEAL FROM FLEMING CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND GRIFFITH AND WIFE APPEAL. AFFIRMED.

JUDGMENT—ENFORCEMENT OF LIEN—SALE OF PROPERTY TO SATISFY ALL LIENS—NECESSITY OF PROCESS ON CROSS PETITION AND AMENDED PETITION.

Held: 1. Under Civil Code Practice, section 692, where the plaintiff in an action to enforce a lien on property states the existence of a lien held by another, and makes him a defendant, asking a sale of the property to satisfy both liens, and such defendant files a cross petition asserting his lien, no process thereon is necessary to authorize a sale of the property to satisfy both liens, and therefore judgment may be rendered on the same day such pleading is filed for such a sale of the property, no personal judgment being rendered in favor of the plaintiff in the cross petition, and no part of the proceeds of sale being withdrawn by him until the debtor has had an opportunity to be heard.

2. In an action to enforce a lien on property, no summons was necessary on an amended petition stating the existence of a lien inferior to the lien of plaintiffs, and asking a sale of the property to satisfy both liens.

J. M. COLLINS AND G. A. CASSIDY, ATTORNEYS FOR APPELLANTS.

JOHN P. McCARTNEY, ATTORNEY FOR APPELLEE.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee, the Blue Grass Building & Loan Association, filed this suit on September 8, 1896, against appellants, James Griffith and wife, to recover against him on a note executed by him to it of date September 22, 1894, for the sum of $1,400, and to foreclose a mortgage given by him and his wife to secure the payment of the money. It was alleged in the petition that the land could be divided without materially impairing its value, and that there were no other liens on it known to the plaintiff. Judgment was prayed against the husband for the debt, and that the land, or so much of it as might be necessary, should be sold. A summons was issued, upon the petition, and duly served on appellants. No steps were taken in the action until January 15, 1898, when an order was made filing an amended petition. In this amended petition certain credits were set up on accounts of payments made by Griffith on the debt, which, as alleged, reduced the amount due by him to the sum of $1,215.10; and it was further stated that James C. Fisher had a lien on the land by mortgage executed to him by Griffith and wife on June 20, 1895, for $384.96 and interest, which was inferior to the lien of plaintiff. Fisher was made defendant to this amended petition, and in it judgment was prayed against James Griffith for $1.215.10, with interest; also for a prior lien on the land, and that Fisher's lien be adjudged subordinate, and the land sold, first, to pay plaintiff's debt, and then, if anything was left, to be applied to the lien of Fisher. On the same day that this amended petition was filed, James C. Fisher appeared, and filed his answer and cross petition, in which he set up the same facts as to his debt and mortgage that had been set up in the amended petition, and

prayed a sale of the land, and personal judgment against Griffith for the debt. On the same day the case was submitted, and judgment entered in favor of the building and loan association against James Griffith personally for its debt of $1,215.10, with interest and costs. It was also adjudged that the mortgage lien of the building and loan association should be foreclosed, and that the land, or enough of it to pay its debt, should be sold; that its mortgage lien was prior to all others on the land; that Fisher had a lien on the land for his debt subordinate to its lien; and that enough of the land to pay both debts should be sold, the debt of the association to be first paid out of the proceeds, and the remainder, if any, to be applied to the Fisher debt. The commissioner of the court was ordered to make the sale, and to take bond to himself for the proceeds, payable in six and twelve months. No personal judgment was rendered for the Fisher debt, and no order was made allowing him to withdraw any part of the proceeds of the sale. No sale having been made under this order, the court, on October 8, 1898, ordered the commissioner to make the sale on Monday, December 26, 1898. This he did, and filed his report of sale on January 3, 1899, showing that the property had been purchased by Anna B. Everett for $1,700, which was $200 more than it was appraised at. On the same day appellants, Griffith and wife, appeared, and moved the court to set aside the judgment rendered in the case on the ground that it was void. This motion the court overruled. They then filed exceptions to the report of sale on the same ground, which were also overruled by the court, and the sale confirmed.

The objection to the proceeding is that, although process was duly served on the original petition of the building

and loan association, there was no summons on the amended petition, or on Fisher's cross petition, and that the judgment was, for this reason, void. No defense was offered to the action, nor was there any irregularity in the sale. The only question is as to the validity of the judgment without process on the amended petition or the cross petition of Fisher. Section 692 of the Code is as follows: "The plaintiff in an action for enforcing a lien on property shall state in his petition the liens held thereon by others, making them defendants; and may ask for and obtain a judgment for the sale of the property to satisfy all of said liens which are shown to exist, though the defendants fail to assert their claims. Such defendants shall not, however, be allowed to withdraw or receive any of the proceeds of such sale, until they have shown their right thereto by answer and cross-petition. But unless a personal judgment be prayed for in such cross-petition, there need not be any summons thereon; and it shall be treated with reference to the time of answering thereto, as a set-off or counter-claim." Without the statute, a proceeding precisely similar to that in this case was sustained by this court in Jenkins v. Smith, 4 Metc. 380. The statute would appear to be only declaratory of the rule announced in that case, which was subsequently questioned. Calvin v. Williams, 8 Bush, 346. In this case the plaintiff literally followed the statute. Fisher has not been allowed to withdraw or receive any of the proceeds of the sale, and no personal judgment has been rendered for his debt. If there is any defense to Fisher's debt, or to his having a lien on the land, it may yet be set up. Appellants do not appear to have been prejudiced, or, at least, they have not disclosed any facts showing that injustice has been done. The original petition prayed a

sale of the land. The amended petition set up a matter germane to that alleged in the original petition, and incidental to the relief there sought. It was not a new cause of action, but a newly-discovered fact, proper to be brought before the court for the correct obtention of the relief sought in the original petition. McKibben v. Worthington's Ex'r (Ky.) 45 S. W. 233. The order of sale only brought the fund into court for adjudication. Were it otherwise, the land might be sacrificed, or the plaintiff unduly delayed in the collection of his debt. Judgment affirmed.