## Martin, et al. v. Sulfrage.

(Decided June 3, 1914.)

### Appeal from Whitley Circuit Court.

1. Corporations—When Assets Subject to Equitable Lien.—The assets of a corporation are subject to an equitable lien in favor of its creditors, who may follow the corporation's assets, or the proceeds thereof, into the hands of whomsoever they can trace them, and subject such assets to the payment of creditors' claims, except as against a bona fide purchaser for value.
2. Corporations—Judicial Sale of Assets of Failing Corporation.— The rule above announced has no application, however, where the assets of a failing corporation are sold at a judicial sale, and are subsequently resold by the purchaser to a third person who, bona fide, forms a new corporation for the purpose of acquiring the assets of the old corporation and continuing the business.

M. A. GRAY, R. L. POPE, ROSE & POPE and H. H. TYE for appellants.

K. D. PERKINS and PERKINS & PERKINS for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

On September 1, 1907, the Corbin Steam Laundry Company, hereinafter called the Corbin Company for brevity, executed a mortgage upon its outfit to the American Laundry Machinery Company, of Cincinnati,

Ohio, hereinafter called the American Company, to se-
cure the payment of $1,625.00, the purchase price of cer-
tain machinery and fixtures. At that time the stock of
the Corbin Company was owned by Downing, Calvert,
Riddle and Mershon.

In January, 1908, George A. Martin bought all the
stock of the Corbin Company and continued to run the
business, with C. O. Weed as his business assistant. On
July 8, 1909, Sallie Sulfrage, the appellee, was injured,
while working in the laundry.

The Corbin Company having failed to pay the mort-
gage debt due the American Company, that company
filed suit on September 20, 1909, to enforce its mortgage
lien, which then amounted to $1,389.75. Having obtained
a default judgment on November 13, 1909, the property
of the Corbin Company was sold thereunder on Decem-
ber 4, 1909, and bought by the American Company, the
plaintiff in the action, for the amount of its debt, inter-
est, and the costs of the action. The property was ap-
praised at $1,500.00; and the report of sale having been
confirmed, the plaintiff paid into court the cost of the
action, and became the owner of the property.

Mrs. S. A. Martin, the wife of George A. Martin, had
received $650.00 from the estate of her father, and was
willing to use it as a part of the purchase price in buy-
ing the machinery of the Corbin Company, provided a
new corporation was formed for the purpose of acquir-
ing the machinery, and continuing the laundry business
in a way that would protect her property rights. Hav-
ing agreed with the American Company upon a satis-
factory price, a new corporation known as the Whitley
Steam Laundry Company was organized on December
9, 1909, with 30 shares of stock, of which Mrs. S. A. Mar-
tin owned 24 shares, her husband George A. Martin
owned 3 shares, and C. O. Weed the remaining 3 shares.
The Whitley Steam Laundry Company bought the ma-
chinery formerly owned by the Corbin Company from the
then owner, the American Laundry Machinery Com-
pany, G. A. Martin giving his notes to the last named
company for the remainder of the purchase price. The
business of the Whitley Steam Laundry Company was
continued in the same place and with the same ma-
chinery that had formerly belonged to the Corbin Com-
pany.

On July 1, 1910, the appellee, Sallie Sulfrage, sued the Corbin Company for the injury she had received on July 8, 1909. On September 11, 1911, Weed bought the interests of George A. Martin and Mrs. S. A. Martin in the Whitley Steam Laundry Company, paying a part of the purchase price in cash, leaving $1,400.00, however, unpaid, and for which he executed his fourteen notes for $100.00 each, one note maturing each succeeding month. These notes were endorsed to the First National Bank of Corbin to secure a debt owing to it from George A. Martin.

On March 23, 1912, the appellee, Sallie Sulfrage, recovered a judgment against the Corbin Company for $1,000.00 damages; and execution thereon having been returned "no property found," she filed this creditor's bill on April 30, 1912, against the Corbin Company, the Whitley Steam Laundry Company, George A. Martin, Mrs. S. A. Martin and C. O. Weed, the last four named defendants being sued as garnishees merely, and called upon to disclose any indebtedness they, or either of them, might owe to the Corbin Company. The petition, among other things, alleges that the Whitley Steam Laundry Company was organized by the Martins and Weed for the purpose of taking over the franchise and property of the Corbin Company; and that after having bought the property of the Corbin Company, the Whitley Steam Laundry Company had continued to operate a laundry in the same building which had formerly been occupied by the Corbin Company and used by it for the same purpose. No fraud was charged against any one in the original petition.

By an amended petition which made the First National Bank of Corbin a party defendant, and denied any right or interest of that bank to the notes pledged to it by Martin, it was further alleged that since the filing of the action George A. Martin had fraudulently transferred said fourteen notes to the bank for the purpose of having said bank to aid and assist George A. Martin in unlawfully and fraudulently defeating the plaintiff in the collection of her judgment. There is no other charge of fraud in either of the petitions.

The bank answered, saying that while the fourteen notes had been endorsed to it for the purpose of securing a debt owing to it from George A. Martin, that debt

had been otherwise secured, and it claimed no further interest in, or lien upon, the notes.

There is no dispute about the facts of this case; the proof, without any contradiction, shows the execution of the mortgage by the Corbin Company; the purchase of its stock by Martin in January, 1908; the foreclosure suit by the American Company and its purchase thereunder of all the property of the Corbin Company; the sale of that property to the Whitley Steam Laundry Company which had been organized for the purpose, and the subsequent sale by George A. and Mrs. Martin of their interests therein to Weed, and the execution by Weed of the notes for $1,400.00. The good faith of none of these transactions, except the transfer of the notes to the bank, is challenged by the pleadings, and the proof shows that all of them were done in good faith.

In his judgment the chancellor went beyond the issues raised by the pleadings; and having found that George A. Martin and his wife and C. O. Weed had planned to organize and incorporate the Whitley Steam Laundry Company for the purpose of defrauding the appellee in the collection of her claim for damages against the Corbin Company, he sustained the attachment and adjudged that the Whitley Steam Laundry Company was indebted to the appellee, Sallie Sulfrage, in the sum of $1,000.00, with interest and costs thereon, and required Weed to pay into court, for the appellee's benefit, each of his $100.00 notes as it became due. From that judgment the Whitley Steam Laundry Company, George A. Martin, Mrs. S. A. Martin and C. O. Weed prosecute this appeal.

Attorneys for the appellee rest their argument for an affirmance largely upon the fact that the sale to the American Company in the foreclosure suit was not confirmed, and that the ownership of the property did not pass to that company. Passing the legal effect of a failure to confirm the sale, we are somewhat surprised to find that statement expressly made, and without any qualification in the brief of counsel for appellee. The statement is, however, without foundation or excuse, since the record in the foreclosure case, which is filed as an exhibit in this record, contains this order: "The master commissioner of this court having filed his report of sale herein and the same having laid over three days for exception and none filed thereto, the said report is now

confirmed;" and by another order the master commissioner paid into court the sum of $55.33, the costs of the action which had been paid to him by the American Company, as purchaser. Every step necessary to pass the title to the American Machinery Company was taken.

Neither of the two briefs for appellee cite any authority in support of the judgment appealed from; but from the brief of counsel for appellants we are advised that the trial court probably rested its judgment upon the authority of Harbison-Walker Refractories Company v. McFarland's Admr., 156 Ky., 44, and the cases therein cited. We think it clear, however, that in entering the judgment in this case the chancellor misconceived the effect of the rule announced in those cases, which merely holds that the assets of a corporation are subject to an equitable lien in favor of its creditors, and that such creditors may follow the corporation's assets, or the proceeds thereof, into the hands of whomsoever they can trace them, and subject them to the payment of such debts, except as against a *bona fide* purchaser for value. That rule, however, has no application to a case of this character where the property of the failing corporation has been sold and the purchase price paid therefor in good faith. In the case at bar Mrs. Martin had no interest in, and was in no way connected with the Corbin Company; and when that company failed, its property was, under due process of law, acquired by the American Company, and that company in turn sold it to the new corporation, the Whitley Steam Laundry Company, which was financed by Mrs. Martin.

Considerable emphasis is placed by appellee upon the fact that Mrs. Martin refused to continue the Corbin Steam Laundry Company and to buy the property in the name of that company. We see no merit in this contention. She did not wish to lend her money to an insolvent corporation, or to buy its stock, and the law did not require her to do so. Not only was there no good business reason for Mrs. Martin to re-organize the Corbin Company, but every good business reason dictated that she should organize a new corporation, as she did; and in buying from the American Company the machinery which formerly belonged to the Corbin Company, the Whitley Steam Laundry Company only exercised a right which was open to the world. It was a

*bona fide* purchaser, and in no way became responsible for the debts of the Corbin Company. The Corbin Company and the Whitley Steam Laundry Company were distinct and separate entities; the former was not annexed to or merged into the latter. The Whitley Company did not take over the assets of the Corbin Company; on the contrary, the Whitley Company bought the machinery in question from the American Company— the owner of it. The Whitley Company received nothing from the Corbin Company.

The rule which the trial court applied in this case was stated as follows in Harbison-Walker Refractories Co. v. McFarland's Admr., 156 Ky., 51:

"In the case at bar the Refractories Company took over all the assets of the 'Harbison & Walker Company, Southern Department,' which was the original debtor, leaving it a mere shell, and without leaving with it any money or property whatever as a consideration for the sale of its assets. There was no liquidation of the 'Harbison & Walker Company, Southern Department,' by selling its assets and paying its debts; on the contrary, there was a transfer of all of its property to the Refractories Company without any attempt to pay appellee's debt. A subsidiary corporation can not thus escape the payment of its liabilities. It is true these sales and transfers were all made by deeds of conveyance, and that the corporation had the right to sell its assets in that way, if it chose so to do; but the decision of this case depends upon the broad equitable principle that where one corporation takes over the assets of another corporation, without paying to it any consideration therefor, as is the fact in this case, the absorbing corporation takes the assets of the absorbed corporation *cum onere.*"

See also Camden Interstate Ry. Co. v. Lee, 27 Ky. L. R., 75, 84 S. W., 332.

The above rule has, however, no application to this case, for the double reason that the Whitley Steam Laundry Company is a purchaser for value in good faith and from the American Company; and that being true, neither the Whitley Company, nor its stockholders are liable for the debts of the Corbin Company.

Judgment reversed and cause remanded, with instructions to enter a judgment in accordance with this opinion.