### Justice's Administrator v. Catlettsburg Timber Company, et al.

(Decided February 23, 1916.)

#### Appeal from Pike Circuit Court.

1. Corporations—Creditors—Equitable Lien Upon Assets in Favor of.
   —The assets of a corporation are subject to an equitable lien in favor of its creditors, who may follow the corporation's assets, or the proceeds thereof, into the hands of whomsoever they can trace them, and subject such assets to the payment of creditors' claims, except as against a bona fide purchaser for value.

2. Corporations—Equitable Lien Upon Assets of—Good Faith.—Under the rule above announced where the assets of a failing corporation are conveyed, in good faith, and for their full value, to satisfy a first mortgage lien thereon, the transaction will not be disturbed.

SAM STOWERS, F. W. STOWERS and ROSCOE VANOVER for appellant.

G. B. MARTIN, J. J. MOORE and BUTLER & MOORE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER— Affirming.

This is a creditor's bill filed by David A. Justice's administrator to collect a judgment for $10,000.00 which he recovered against the appellee, the Catlettsburg Timber Company, on January 7, 1914.

The Catlettsburg Timber Company (hereinafter called the Catlettsburg Company) was incorporated in 1908, with a capital stock of $6,000.00, equally owned by the defendants, W. H. Dawkins, H. M. Runyon and M. B. Collinsworth. Dawkins, Runyon and Collinsworth were also the only stockholders of the W. H. Dawkins Lumber Company (hereinafter called the Dawkins Company), Dawkins owning more than one-half of the stock in that corporation, and Runyon and Collinsworth owning the remainder.

On April 5, 1910, the Catlettsburg Company bought a large tract of land, known in the record as the "Big Creek" timber tract, for $65,000.00. It was able to pay only a small part of the purchase price; and, in order to finance the trade, the Dawkins Company endorsed the purchase money notes given by the Catlettsburg Company for the "Big Creek" timber tract. To secure the Dawkins Company against liability upon this endorsement, the Catlettsburg Company, on September 2, 1910, mortgaged the "Big Creek" Timber tract to the Dawkins Company.

On November 22, 1910, Justice was killed while in the service of the Catlettsburg Company, and a suit by his administrator resulted in a verdict on January 7, 1914, for $10,000.00, as above stated. An execution issued upon that judgment was returned "no property found." In the meantime, the Catlettsburg Company had made no money in its business; on the contrary, it had lost money from the very beginning of its business.

As a consequence, the Dawkins Company was required to pay the notes upon which it was an endorser for the Catlettsburg Company, amounting in July, 1911, to $75,000.00, counting interest.

In order to pay the Dawkins Company, and to save the expense of a foreclosure proceeding, the Catlettsburg Company, on July 5, 1911, conveyed the "Big Creek" timber tract to the Dawkins Company in satisfaction of its debt to that company.

After the return of plaintiff's execution unsatisfied, Justice's administrator brought this action in 1914, against the Catlettsburg Company, the Dawkins Company, and Dawkins, Runyon and Collinsworth, the only stockholders of said companies, praying judgment against each of them for the amount of his debt, with the interest and costs thereon, upon the theory that the Catlettsburg Company had fraudulently conveyed the "Big Creek" timber tract to the Dawkins Company without full consideration and for the purpose of concealing its property in order to defeat the plaintiff in the collection of his debt.

The issues having been made and proof taken thereon, the circuit court dismissed the petition; and from that ruling Justice's administrator prosecuted this appeal.

Appellant contends that the "Big Creek" timber tract was worth more than $75,000.00, and that to the extent of the excess over that amount the defendants are volunteer takers, and hold the property as a 'trust fund to be ratably distributed among the creditors of the Catlettsburg Timber Company, under the authority of Camden Interstate Railway Co. v. Lee, 27 Ky. L. R., 75, 84 S. W., 332; Harbison-Walker Refractories Co. v. McFarland's Admr., 156 Ky., 44, and Martin v. Sulfrage, 159 Ky., 363.

The law is well settled that where one corporation voluntarily conveys all its assets to another corporation, and thus practically ceases to exist, without having paid its debts, the purchasing corporation takes the property subject to an equitable lien or charge in favor of the creditors of the selling corporation, who may follow the corporation's assets, or the proceeds thereof, into the hands of whomsoever they can trace them, and subject them to the payment of the corporation's debts, except as against a *bona fide* purchaser for value. The rule does not operate, however, to disturb sales made in good faith, and for value, or in satisfaction of valid prior liens.

The question for decision, therefore, is one of fact. If the "Big Creek" timber tract was worth more than the mortgage indebtedness of the Catlettsburg Company to the Dawkins Company, it might be reasonably argued that to the extent of the excess of the value of the land over the debt, the rule above stated would apply.

The only proof, however, that was taken in the case consisted of the depositions of Dawkins, Runyon and Collinsworth. From their testimony it appears, without contradiction, that the Catlettsburg Company lost money from the start; that it never paid any dividends; that it quit business in 1911; that the corporation was dissolved in July, 1912; that it had tried for more than eighteen months to sell the "Big Creek" timber tract for more than its indebtedness to the Dawkins Company, without getting a puchaser; that it then conveyed the land to the Dawkins Company in satisfaction of its mortgage debt to that company, which then aggregated $75,000.00; that $75,000.00 was the full value of the property; that the stockholders got nothing whatever out of the sale, and lost their stock entirely.

It is true Dawkins was president of both companies; but he received no pay as president of the Catlettsburg Company, and his good faith is not questioned by any proof.

Under this proof the good faith of the officers of the two companies in making the sale to the Dawkins Company, and for full value, is thoroughly established. Martin v. Sulfrage, *supra.*

Judgment affirmed.