## Moss Jellico Coal Company v. Jones.

(Decided December 17, 1920.)

### Appeal from Whitley Circuit Court.

1. Corporations—Sale of Property By.—A corporation has the same right to sell its property as does a natural person, provided the sale is bona fide and for a valuable consideration paid to the selling corporation as such and with which it may discharge its debts, and when the sale is thus made the purchasing corporation will take the property free from any claims of the creditors of the selling corporation.

2. Corporations—Absorption of Property By Another Corporation—Lien.—If, however, the transaction by which the property is transferred is not in reality a sale in the usual and ordinary way, but consists in an absorption by one corporation of all the property of another or a merger of one into the other, the property being paid for with stock in the purchasing corporation delivered to the stockholders in the selling one or to the corporation for their use and benefit, the creditors of the merged or absorbed corporation will have a lien upon the property transferred and may subject it in the hands of the absorbing corporation, subject, however, to the rights of superior lien holders.

TYE & SILER for appellant.

ROSE & POPE for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The Peerless Coal Company, a corporation, owned some coal leasing privileges and was engaged in a small way in coal mining operations. It owned a very limited amount of property and on the 15th day of October, 1915, it executed a written contract to Ray Moss whereby it agreed to sell to him all of its property for the consideration of $4,000.00, which contract was soon thereafter transferred to appellant and defendant below, Moss Jellico Coal Company, and it took charge of the property purchased and paid the consideration in the manner hereinafter stated. In March, 1916, the ap-

pellee and plaintiff below, I. N. Jones, recovered a judgment against the Peerless Coal Company for $819.20, interest and cost. An execution issued on that judgment was returned "no property found," and this suit was subsequently filed against the two corporations seeking to subject enough of the property in the hands of appellant, the purchasing corporation, to the satisfaction of plaintiff's debt upon the ground that the Peerless Coal Company was insolvent at the time of the sale and that its property was a trust fund for the payment of its creditors and that appellant in purchasing the property took it burdened with the trust and subject to appropriation by the creditors of the selling corporation. The answer of appellant averred that the sale was one made in good faith, for a valuable consideration and in the usual course of business; that after taking over the property of the Peerless Coal Company it discovered liens existing thereon to the amount of something like $5,900.00, which it was compelled to and did pay, being of course $1,900.00 more than the agreed consideration, and that if plaintiff under any theory or principle of the law could subject the purchased property in the possession of appellant to the payment of his debt such right was inferior and must yield to statutory and contractual liens such as appellant was compelled to and did pay, and for that reason the petition should be dismissed. Appropriate pleadings made the issues and upon final hearing the court rendered judgment subjecting the property in the hands of appellant to the payment of plaintiff's debt and ordered enough of it sold for that purpose, and complaining of that judgment appellant prosecutes this appeal.

The general doctrine, which plaintiff seeks to invoke, and upon which he relies in support of his cause of action, will be found stated and discussed in 10 Cyc., pages 1266-1268. As there stated, and as adopted by this court in the cases hereinafter referred to, the doctrine is that a corporation no more than an individual may fraudulently dispose of its property, leaving an insufficient amount for the payment of its debts, without an adequate consideration, and that it is not a sufficient consideration to defeat the right of creditors of the selling corporation when the purchasing corporation paid for the purchased assets with its stock delivered to the stockholders of the selling corporation, or to that corporation to be distributed among its stockholders; that

a purchase thus paid for is nothing more nor less than a merger of the selling corporation by the purchasing one, and that such merger can not be effected without the property in the hands of the latter being subject to the payment of the debts of the former. Cases from this court applying the doctrine are: Louisville & Nashville R. R. Co. v. Biddell, 112 Ky. 494; Harbison-Walker Refractories Co., et al. v. McFarland's Admr., 156 Ky. 44; Martin v. Sulfrage, 159 Ky. 363; Carter Coal Co. v. Clouse, 163 Ky. 337; Justice's Admr. v. Catlettsburg Timber Co., 168 Ky. 665; Kentucky Distilleries & Warehouse Co. v. Webb's Executor, 181 Ky. 90, and American Railway Express Co. v. Commonwealth of Kentucky (decided December 10, 1920). The opinion in the last case cited contains an exhaustive review of the facts in the other cases from this court as well as many others from other jurisdictions, and it would furnish no useful purpose to repeat them here. Suffice it is to say that the court's final conclusion in that opinion, as gathered from a review of all the authorities, upon the question is that:

"Questions concerning the responsibility of the purchasing corporation for the debts and liabilities of the selling corporation have come before the courts of the country in many cases, and it is held practically without dissent that although the purchasing corporation does not assume the payment of any of the debts or liabilities of the selling corporation, it will yet be made responsible for them if there was no consideration for the sale, or if it was not in good faith but for the purpose of defeating the creditors of the selling corporation, or where there has been a merger or consolidation of the corporations, or where the purchasing corporation took over from the stockholders all of the stock of the selling corporation, or where the transaction amounts to a mere reincorporation or reorganization of the selling corporation."

Further along in that opinion in restating the underlying principles of the doctrine, as well as cases not coming within its operation, it is said:

"A careful consideration of the facts in all these cases and the conclusions of the courts makes it clear that the circumstance that was ultimately seized hold of to make the purchasing corporation liable, was that the selling one was paid for its property in the stock of the purchasing corporation, and the property of the selling

corporation to which the creditors might look with certainty for the payment of their debts was turned over to the purchasing corporation; and cases involving questions like the one we have, disclose the further fact, that when one corporation sells its property and business to another, it is usually the case, that the selling corporation takes its pay in the stock of the purchasing concern.

"But the courts looking through the various forms invented to impart not only validity to the transaction but to save the purchasing corporation from liability for the debts of the selling one, have in almost every case in which the selling corporation received nothing more than stock, held the purchasing corporation liable for the debts of the selling corporation; when, however, money or property of fair value was delivered as the purchase price, the purchasing corporation in the absence of fraud or contract obligation was relieved from liability.

"All the cases also hold that where there is a merger, or consolidation or reincorporation or reorganization and a continuance of the business under a new name the corporation taking over the assets and property of the corporation extinguished for all practical purposes will be liable for its debts, and, as before said, in virtually all this class of cases, the corporation that went out of business was paid for its property in stock of the new corporation."

Applying those principles as thus lately adopted by this court it is perfectly apparent that plaintiff in this case failed to manifest facts entitling him to the benefit of the general doctrine. It is admitted and not denied that the agreed consideration of $4,000.00 was adequate and it is shown by undisputed evidence that more than that sum was paid by appellant to discharge contractual or statutory liens. There are no elements of a merger of one corporation by another, nor is there any intimation that there was any absorption by appellant of the assets of the Peerless Coal Company leaving the latter with no assets with which to discharge its debts. No stock in the Moss Jellico Coal Company was delivered to the Peerless Coal Company nor to any of its stockholders. It was simply a *bona fide* sale in the usual course of business for a full and adequate consideration and possesses none of the elements of the cases relied on in support of the relief sought and which the court by its judgment gave.

If, however, we should accept as true the broad application of the doctrine insisted on by plaintiff that the purchasing corporation takes the property *in every instance* impressed with a trust in favor of the creditors of the selling corporation regardless of other considerations, plaintiff would not be entitled to relief in this case because, as we have stated, there were liens upon the property more than sufficient to consume it, and this court in the Justice and American Railway Express Company cases, *supra.* said that: ''The rule does not operate, however, to disturb sales made in good faith, and for value, or in satisfaction of valid prior liens.'' To hold otherwise and apply the rule as contended for by plaintiff's counsel would render the property held by the selling corporation subject to its debts in the hands of the purchasing corporation when it would not be so in the hands of the former. Equity does not endorse a rule or principle which would work out such inequitable results; nor does it forbid a *bona fide* sale for a valuable consideration though the contracting parties be corporations. The fact that defendants before consummating the purchase had knowledge of the existence of plaintiff's debt can not enlarge his right nor render property subject to its payment which he could not reach before the sale, especially when, as here, the debt is not a liability secured by a statutory or contractual lien.

Neither can the judgment be upheld on the ground that plaintiff in purchasing the property from the Peerless Coal Company agreed to assume and pay plaintiff's debt. In the first place the suit is not based on any such promise, since there is no allegation to that effect in the petition. It is true that in the reply there is an averment which might be construed as so contending, but it is denied by a counter pleading, and if we should treat this method of forming the issue as the proper one (which is untrue) the evidence in the case fails to establish it.

The judgment should have dismissed the petition. Failing to do so it is reversed with directions to enter one in conformity with this opinion.