## Lorton, et al. v. Ashbrook, et al.

## Same v. Hudson, et al.

(Decided June 24, 1927.)

### Appeals from Pulaski Circuit Court.

1. Judgment.—General judgments are void for: First, want of jurisdiction of subject-matter; second, want of jurisdiction over persons of litigants or some of them; third, want of power in tribunal to grant relief attempted to be granted in judgment.

2. Judgment.—In mechanic's lien action, where petitions failed to allege that statement required by statute to be filed in county clerk's office by Mechanic's Lien Law (Ky. Stats., section 2468), were subscribed and sworn to by plaintiffs before asserting lien, but court had jurisdiction of subject-matter, of parties, and power to enter judgment, judgment was not void but merely erroneous.

3. Mechanics' Liens.—In actions asserting lien on property under Mechanic's Lien Law, fact that there was no reference to master commissioner after filing of petitions as provided in Ky. Stats.,

section 2471, did not affect jurisdiction of court or touch validity of proceedings.

4. Judgment.—Under Civil Code of Practice, section 692, in mechanic's lien action, where no summons was executed upon defendant in cross-action, and cross-petition prayed for personal judgment against lien debtor, but judgment entered did not give personal judgment, but it only adjudged cross-petitioner a lien, judgment was valid.

BEN V. SMITH & SON for appellants.

WILLIAM WADDLE and WESLEY & SON for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Affirming.

Ashbrook and Hudson filed their separate equitable actions against the Lortons, each asserting a lien upon the property of the Lortons under the provisions of the Mechanic's Lien Law. Others having liens on the same property were made defendants, and all but one of such lien defendants filed their answers and cross-petitions setting up their several liens.

The property owners made no defense whatever either to the original or the cross actions until after a judgment had been entered directing an enforcement of the several liens. The two original actions were consolidated before the judgment was entered.

Before the judgment was executed by the master commissioner the property owners settled the claims of Ashbrook and Hudson the two original plaintiffs, and after the sale the property owners entered their motion to vacate the judgment upon the theory that it was void, and likewise filed exceptions to the report of sale. The court having overruled the motion to vacate the judgment and the exceptions to the sale, the property owners have appealed.

The two grounds upon which it is said the judgment is void are:

(1) That the two original petitions each failed to allege that the statement required by the statute to be filed in the county clerk's office by section 2468, Ky. Stats., were subscribed and sworn to by either of the plaintiffs or by any one for them.

(2) That there was no reference to the master commissioner after the filing of the two petitions as provided in section 2471.

Neither of the original petitions did allege in terms that the statements filed by them in the county court clerk's office had been subscribed and sworn to by them respectively; but they each filed with their petitions a copy of the statements so filed by them in the clark's office, each copy disclosing that the plaintiffs had in fact subscribed and sworn to the two statements. So that it is apparent that in any event the petitions were merely erroneous, and the plaintiffs each failed by oversight to properly allege a fact which the record discloses they could truthfully have alleged. This being true it did not make their petitions so vitally defective as that they would not support a judgment by default. It was the duty of defendants if they desired to take advantage of this oversight to do so either by demurrer or motion, and if in such manner the court's attention had been directed to the oversight, it might then have been readily and promptly remedied.

Judgments are, generally speaking, void only for three reasons: (1) Want of jurisdiction of the subject-matter; (2) want of jurisdiction over the persons of the litigants or some of them; and (3) want of power in the tribunal to grant the relief attempted to be granted in the judgment.

In this case the court had jurisdiction of the subject-matter; it acquired jurisdiction over the persons of the property owners by process, and it obviously had the power to grant the relief sought, and it was granted. The mere failure by oversight to allege the taking of one step required before asserting a statutory lien does not so vitally affect the sufficiency of the pleading as to make it insufficient to support a valid judgment, and particularly when an exhibit filed with it discloses that such a fact might truthfully have been alleged.

The court having jurisdiction of the subject-matter, of the parties, and the power to enter the judgment it did, the latter was not void but merely erroneous, and could therefore be taken advantage of only by appeal after the raising of the question in the lower court. Adams Express Co. v. Bradley, 179 Ky. 238, 200 S. W. 340, Bitzer v. Mercke, 111 Ky. 299, 63 S. W. 771, 23 Ky. Law Rep. 670, and Noble v. People's Stock & Poultry Feed Co., 189 Ky. 549, 225 S. W. 491.

The requirement of section 2471 that the clerk should enter an order referring such a cause to the master commissioner, as disclosed by the subsequent sec-

tions of the act providing for the enforcement of mechanic's liens, was designed to have a report from such commissioner before the court showing who were all the lienholders, the amount of their several debts, and their priorities as between themselves. And the failure to refer the cause to the commissioner and have such report before the court when it meets does not in any sense deprive the court of the power or the jurisdiction to enter a judgment enforcing the lien as disclosed upon the face of the pleadings. It is not a vital thing affecting the jurisdiction of the court or touching the validity of the proceedings.

It results therefore that the court properly overruled the motion to vacate the judgment.

The exceptions to the sale, in addition to the other question above passed upon, say the sale was invalid because the two original plaintiffs, Ashbrook and Hudson, had been paid in full their respective claims and liens against the property before the sale, and that therefore the lienholding defendants who had asserted their several liens in answers and cross-petitions were not entitled to have the liens enforced because they had had no summons issued upon their respective cross-petitions, they having prayed for personal judgments against the property owners.

It is true that the plaintiff in a cross-petition who seeks a personal judgment is required to have a summons executed upon the defendant in the cross-petition before he is entitled to such personal judgment; but in this case the judgment entered by the lower court in favor of the defendant lienholders did not give them a personal judgment against the landowners, but only gave them liens upon their property and adjudged an enforcement of the same, together with that of the original plaintiffs.

It is expressly provided in section 692 of the Civil Code that in such an action unless a personal judgment be prayed for in a cross-petition there need be no summons thereon, and it was expressly held by this court in the case of Griffith v. Blue Grass B. & L. Association, 108 Ky. 713, 57 S. W. 486, 22 Ky. Law Rep. 391, that although such cross petition may pray for a personal judgment against the lien debtor, if the judgment entered by the court does not give such personal judgment but only adjudges the cross-petitioner a lien, the judgment is valid.

There is no suggestion of defense by the landholders to any one of the lien debts, and they offered none in the lower court; and, no valid reason being shown against the validity of the judgment, it is affirmed.