**Safety Motor Coach Co. v. Maddin's Adm'x et al. (Appeals Nos. 1, 2, 5, 6).**
**Swope v. Yelton, Court Clerk, et al. (Appeal No. 3).**
**Swope et al. v. Maddin's Adm'x et al. (Appeal No. 4).**
(Decided Nov. 17, 1936.)

460

ROBERT HUBBARD for appellant in Nos. 1-6.

S. GAINES also for appellant in Nos. 1, 5.

BEN H. RILEY and WARD YAGER for appellees in Nos. 1-3, 5, 6.

R. W. KEENON also for appellee in No. 2.

N. E. RIDDELL for appellee in No. 3.

BEN H. RILEY for appellee Kate K. Maddin in No. 4.

R. W. KEENON for appellee Central Greyhound Lines in No. 4.

ROBERT HUBBARD for appellee Safety Motor Coach Co. in No. 4.

OPINION OF THE COURT BY JUDGE RICHARDSON—Dismissing in part and reversing in part.

The five above-styled actions are submitted as one, and accordingly will be disposed of in one opinion. For convenience we herein number them 1, 2, 3, 4, 5, and 6, in the order in which they are captioned.

The Safety Motor Coach Company, a Kentucky corporation, on the 9th day of April, 1933, was engaged on Highway No. 42, in this State, as a common carrier of passengers. While one of its buses was being operated on the highway in the regular course of its business, E. J. Maddin sustained injuries from its operation which resulted in his death. Later, the administratrix of his estate was appointed and qualified.

On the 16th day of February, 1934, she filed an action (No. 1) in the Boone circuit court against the Safety Motor Coach Company to recover damages for the destruction of his power to earn money and to recover damages for the killing of a horse. It filed an answer in which it traversed the petition, and further pleaded that at the time he sustained his injuries, and the horse was killed, Maddin was guilty of contributory negligence. Her right to recover was submitted to a jury on evidence in the administratrix' behalf under the court's instructions. It fixed the amount of her recovery at $12,500 for his death, and $125 for the loss of the horse ridden by Maddin. A judgment was accordingly entered. Later, the Safety Motor Coach Company entered a motion to set aside the judgment and to

file an amended answer. This motion was supported by affidavits. The court properly overruled both motions.

In its statement herein, under section 739, Civil Code of Practice, it designates the order overruling its motions as the one from which it appeals. It is not an appealable order. See annotation to section 734, Civil Code of Practice. Therefore, the appeal in the case (No. 1) is dismissed.

In the statement filed in the second above-styled case (No. 2) under section 739, Civil Code of Practice, appellant designates as the judgment appealed from, an order making John C. Swope, Tom Swope, and John M. Robsion defendants to the action and requiring them to set up any claim they may have to the money in the hands of the Central Greyhound Lines, Inc., as the property of the Safety Motor Coach Company. This order recites:

"That John C. Swope, Tom Swope and John M. Robsion having been duly summoned and having failed to amend or plead, it is adjudged * * * that they have no lien, interest and/or claim in, or to, the fund now attached in the hands of the Central Greyhound Lines, Inc. It is further adjudged by the court that said unpaid money for said certificates now in the hands of the Central Greyhound Lines, Inc., is the property of the Safety Motor Coach Company and that plaintiff herein, K. D. Maddin, administratrix of E. J. Maddin, deceased, by reason of the attachment herein, which is sustained, has a first and prior lien on said money attached in the hands of the Central Greyhound Lines, Inc. to be applied on plaintiff's interest, debt and costs."

To this judgment, we shall hereinafter advert.

As the title indicates, the third entitled action (No. 3) is John Swope v. A. D. Yelton, Clerk of the Boone Circuit Court. The motion to dismiss it has heretofore been sustained.

In the fourth entitled action (No. 4), Swope has entered a motion for an appeal from the same judgment as that from which an appeal was taken in No. 3. Therefore, the motion for an appeal is denied in No. 4.

The fifth entitled action (No. 5) contains this language:

"It is agreed by all of the parties hereto that this case be now submitted to the court on all questions before the court for judgment and decision in vacation."

On this submission the court sustained a general demurrer to "each and every paragraph" of the answer as amended of the Central Greyhound Lines and the Safety Motor Coach Company, and further sustained the administratrix' attachment, appointed a receiver and directed him to collect of the Central Greyhound Lines under its contract with the Safety Motor Coach Company, $9,600; and order "that John Swope, John M. Robsion, Roger H. Swope and Tom Swope are claiming some interest in the said fund * * * and they and each of them are made party defendants herein." A summons was directed to be issued for them requiring them to set up any claim to, or interest in, it that they might have.

In the sixth entitled action (No. 6), its motion for an appeal is from the same order considered in No. 1, and for the reasons therein stated, motion (in No. 6) for an appeal is overruled.

The answer of the Safety Motor Coach Company to which a demurrer was sustained, traversed Maddin's pleading, charging "it had wrongfully and with intent to fraudulently prevent plaintiff from collecting her alleged just claim against it and has fraudulently sold or attempted to sell and dispose of all of its assets and permits to the Central Greyhound Lines." It further set out the substance of its contract with the Central Greyhound Lines and described the property and the agreed price at which it had sold the same to the Central Greyhound Lines. It also set out, the debts, how and for what they were created, and secured by its mortgages, which the Central Greyhound Lines had assumed to pay to the mortgagees as the consideration for the property which it had sold to the latter. This answer specifically recites that in the contract of sale between it and the Central Greyhound Lines, the lien creditors retained their liens on the property embraced in the contract, and that their liens were to continue until the lien creditors' debts were paid by the Central Greyhound Lines in accordance with the contract. It is distinctly alleged that its and the Central Greyhound Lines' contract stipulated that the latter was obligated

to pay the lien debts against the property sold to it, to the mortgagees "to the extent and only to the extent of $20,000.00, which did not pay said lien claims in full * * * and that the Central Greyhound Lines does not owe it [the Safety Motor Coach Company] anything. Nor hold any property, money or anything in trust, or otherwise for the benefit of it or its creditors, other than those mortgages named in the contract." It prayed for a dismissal of the administratrix' action and for a discharge of the attachment, and "that it be adjudged and decreed that the liens set out and mentioned in its answer hereinbefore be, and are superior to any claim of the plaintiff herein."

The Central Greyhound Lines' answer traversed the administratrix' petition as amended. It set up its contract of purchase from the Safety Motor Coach Company and the Ohio Valley Corporation, certain certificates of convenience and necessity granted them by the Commissioner of Motor Vehicles of Kentucky, on the highway between Louisville, Ky., and Cincinnati, Ohio. It alleged that at the time it purchased these certificates they owned other assets, including buses, station equipment, and accounts receivable, which it did not purchase. The terms and conditions of its contract of the purchase of the certificates are stated in its answer as amended. The contract between them, and the mortgages which it assumed to pay as set out in the contract, were filed as exhibits to the answer of the Safety Motor Coach Company. It is not disputed that the mortgages which the Central Greyhound Lines assumes to pay as set out in the contract were entered into in good faith to secure debts created at the time of their execution and that the same were properly recorded in the proper office prior to, and at the time of, the issuance and levy of the attachment issued in Maddin's action.

John C. Swope, J. M. Robsion, Thos. H. Swope, and R. H. Swope were four of the mortgagees in the mortgages which the Central Greyhound Lines assumed to pay, a portion of the consideration which it agreed to pay for the certificates of convenience and necessity mentioned in its contract with the Ohio Valley Coach Corporation and the Safety Motor Coach Company. Also, the contract between them was executed and delivered by the parties to it prior to the issuance and levy of the administratrix' attachment. The amount of

the mortgaged debts described in their contract was $29,000. The agreed purchase price of the certificates of convenience and necessity as stated in the contract was $20,000, of which $10,400 had been paid in accordance with the contract at the date of the issuance of her attachment, leaving a balance of $9,600 due under its contract to the mortgagees, according to the terms of the contract; it averred it was ready and able to pay the $9,600 in accordance with the terms of its contract, subject to the orders of the court. It requested of the court advice as to distribution of the $9,600 and all proper and equitable relief. Considering the answer as amended of the Central Greyhound Lines and that of the Safety Motor Coach Company, as herein stated, we are unable to conceive the theory on which, and the principles which guided, the court when appointing a receiver and decreeing that Maddin's administratrix was entitled to priority under her attachment lien as against the mortgagees.

It is not intimated in any pleading, or otherwise, that any one of the mortgagees which the Central Greyhound Lines agreed to pay to the extent of $20,000 was invalid for any reason.

By an amended petition, Maddin's administratrix alleged that the purchase of the certificates of convenience and necessity by the Central Greyhound Lines was a violation of section 201 of the Constitution of Kentucky. Admitting that this contention without deciding it, the mortgages set up in the answer as amended not being assailed, they are still valid and enforceable liens, even if the invalidity of the contract of purchase of the certificates by the Central Greyhound Lines be conceded. If the Central Greyhound Lines' contract for the certificates of convenience and necessity were in the purview of section 201 of the Constitution of Kentucky, and therefore invalid, as charged in the amended petition of Maddin's administratrix, then the certificates and not the $9,600 unpaid under its contract was the property of the Safety Motor Coach Company, subject to the Central Greyhound Lines' right of subrogation to the mortgagees to the extent of $10,400 which it had paid the mortgagees in virtue of the contract. It was entitled to be subrogated to the rights of the lienholders to the amount of $10,400 and had a superior lien against the certificates of convenience and necessity for which

it had paid this amount to the mortgagees and was entitled to enforce the same against the administratrix's attachment.

The chancellor adjudged that Maddin's administratrix' attachment lien was superior to the mortgages mentioned in the answer of the Safety Motor Coach Company and ordered his receiver to collect the $9,600 and pay it to the administratrix, which was in effect adjudging valid and enforceable the contract of sale by the Safety Motor Coach Company and the Ohio Valley Coach Corporation and the Central Greyhound Lines, and that the latter should pay according to its contract this sum, not to the mortgagees as it agreed to do, but to the court's receiver for the use and benefit of Maddin's administratrix. The administratrix' amended petition attacking the Central Greyhound Lines' contract with the Safety Motor Coach Company and the Ohio Valley Coach Corporation was controverted by answer, followed by a statement of facts showing that the lines of the Central Greyhound Lines and that of the Safety Motor Coach Company, evidenced by the certificates which it had purchased from the latter, were not competing lines within the purview of section 201 of the Constitution; followed by the allegation that it did not owe, at the date of the issuance and service of the attachment, the Safety Motor Coach Company any sum whatever and that the consideration which it agreed to pay for the certificates of convenience and necessity was not the property of the Safety Motor Coach Company, and that it had not purchased of the latter any of its property other than the certificates. With an issue thus made by the pleadings as to whether the contract was within the purview of section 201 of the Constitution, without some evidence supporting the allegations of her amended petition, it is plain that the court improperly sustained the attachment and decreed that her lien thereunder on the $9,600 was superior to the mortgages which the Central Greyhound Lines had agreed to pay, as set out in its pleadings and contract.

The Swopes and J. M. Robsion were proper and necessary parties to the action and the court correctly so decreed. See sections 28 and 29, Civil Code of Practice.

The fact that the Swopes and J. M. Robsion, after they were summoned, failed to answer, did not author-

ize the court to decree "that they have no interest in and/or claim in, or to, the fund now attached in the hands of the Central Greyhound Lines and to adjudge her attachment lien superior to the mortgage liens." See section 692, Civil Code of Practice. Without filing an answer and cross-petition and a summons thereon, they were not entitled to a personal judgment, or "to withdraw or receive any of the $9,600.00 until they filed an answer showing their right thereto," but their mortgages were valid and they were entitled to assert, so long as the action was pending, their liens under section 692. McKibben v. Worthington's Ex'r, 103 Ky. 356, 45 S. W. 233, 20 Ky. Law Rep. 61; Griffith v. Bluegrass Bldg. & Loan Ass'n, 108 Ky. 713, 57 S. W. 486, 22 Ky. Law Rep. 391.

The administratrix' garnishment served only to subrogate her right to that of the Safety Motor Coach Company in the $9,600 unpaid under the Central Greyhound Lines' contract and no more, in the absence of a charge of fraud sustained by substantial evidence, and it had no right to the $9,600 as against the mortgagees. Metropolitan Life Ins. Co. v. Hightower, 211 Ky. 36, 276 S. W. 1063, 44 A. L. R. 1158; Bellamy v. Rogers, 219 Ky. 590, 293 S. W. 1069; Minter Homes Corporation v. Harris, 243 Ky. 210, 47 S. W. (2d) 1013; Patterson v. Miracle, 253 Ky. 347, 69 S. W. (2d) 708.

It is equally as well settled that the Central Greyhound Lines' contract being bona fide, the creditors of the Safety Motor Coach Company whose debts were secured by the mortgages on the property sold under it were entitled to receive the money on their respective debts which was secured by a lien on the identical property. In the absence of a contractual obligation or actual fraud of some substantial character, the Central Greyhound Lines was not responsible for the debts of the Safety Motor Coach Company, including Maddin's judgment, beyond the stipulated contract price of the property conveyed to it. American Ry. Express Co. v. Commonwealth, 190 Ky. 636, 228 S. W. 433, 30 A. L. R. 543; Martin v. Sulfrage, 159 Ky. 363, 167 S. W. 399; Justice's Adm'r v. Catlettsburg Timber Co., 168 Ky. 665, 666, 182 S. W. 831.

John Swope filed action No. 3 in the Jefferson circuit court against the Central Greyhound Lines, Inc., John M. Robsion, Roger H. Swope, A. B. Rouse, Trus-

tee, and J. P. Stewart, setting up the terms of the Central Greyhound Lines' contract with the Ohio Valley Corporation and the Safety Motor Coach Company, and its terms and provisions and the payments it had previously made thereunder to the mortgagees named in the contract, and asserted that he was one of the mortgagees and sought a personal judgment against the Central Greyhound Lines for the balance due him; and a general and specific order of attachment. He caused process to be issued thereon for the defendants. The specific attachment was served on the Central Greyhound Lines for $8,320.84 in its hands and due under the contract above mentioned. After the specific order of attachment was returned, Swope entered a motion under section 210, Civil Code of Practice, for an order directing A. D. Yelton, clerk of the Boone circuit court, to remove to the Jefferson circuit court "the entire record, including all pleadings, motions, demurrers and briefs, together with certified copies of all orders, in the actions of K. D. Maddin, Administratrix of the Estate of E. J. Maddin, against the Safety Motor Coach Company, etc." This motion was resisted, and also supported, by affidavits. On the hearing of this motion in the Jefferson circuit court, the above record was filed with affidavits showing that the movants, Swope, Robsion, and others, were parties to the action of Maddin's administratrix against the Safety Motor Coach Company and others in the Boone circuit court, entered after he was made a defendant in the action in the Boone circuit court. The motion to transfer the action was properly overruled. Swope declined to proceed further. The appeal in the third action has heretofore been dismissed as to Yelton, clerk.

The Central Greyhound Lines, in accordance with the provisions of its contract, should be permitted to pay to the mortgagees named in it and the Safety Motor Coach Company's contract the $9,600 due thereunder, according to its terms.

Wherefore, the appeals in No. 1 and No. 4 are dismissed; the appeal has heretofore been dismissed in No. 3; the motion for an appeal in No. 6 is overruled; in No. 2 and No. 5, the judgment is reversed and the cause therein involved is remanded for proceedings consistent herewith.