CASE 51—PETITION EQUITY—MARCH 24.

## McKibben v. Worthington's Executor, Etc.

APPEAL FROM MASON CIRCUIT COURT.

1. LIENS—PLEADING.—In an action by a lien holder to enforce his lien where he makes other lien holders defendants, it is not necessary for him to state the amounts due such other lien holders, nor what part of their debts, if any has been paid; it is sufficient under the provisions of sec. 692 of the Civil Code, if he makes such lien holders defendants, and alleges that they have liens; and if it was necessary, when such lien holders have filed

McKibben v. Worthington's Exor., etc.

their answers and cross petitions making definite and certain the amounts of their claims, the necessity would be obviated.

2. CROSS ACTION BY DEFENDANT LIEN HOLDER—SALE—PERSONAL JUDGMENT.—Under the provisions of sec. 692 of the Civil Code that in actions to enforce liens on property the defendants who hold liens thereon may file their cross petitions which shall be treated with reference to the time of answering thereto as a set-off or counter-claim, and that if no personal judgment be prayed for therein, there need be no summons thereon, the defendant's failure to answer such cross petitions authorized the court to take the allegations thereof as confessed against him with reference to the liens therein asserted; and while the cross petitioners, without having summons served on the defendant were not entitled to the personal judgment against him prayed for, the court had a right to order a sale of the property, and the cross petitioners to participate in the proceeds thereof.

W. S. PRYOR FOR APPELLANT.

1. In order to entitle the plaintiff to a judgment in an action under the provisions of sec. 692 of the Civil Code, under which all the liens may be enforced, it must be alleged in the petition that the defendant lien holders actually have liens and what those liens are at the time of the filing of the suit and that they are unsatisfied and have not been discharged.

2. The section of the Code named treats the answer of the lien holder in such a case as a counter-claim or set-off, which must be replied to at once, without any summons against a debtor, and if a personal judgment is asked the entire case goes over until the issue is disposed of and the summons is issued and served.

A. M. J. COCHRAN OF COUNSEL ON SAME SIDE.

L. W. ROBERTSON FOR APPELLEE.

1. The plaintiff's petition alleges in clear and unmistakable terms the creation and existence of the other liens and nowhere alleges their satisfaction or discharge.

2. If no answer or cross petition had been filed by the defendant lien holders the plaintiff was entitled to a judgment for the sale of the property, and as their answers and cross petitions did not raise any issue, he was still entitled to it; and the fact that such

answer and cross petitions prayed for a personal judgment formed no reason why the property should not be subjected to the lien debts.

3. But if the judgment was rendered before the cause stood for trial, it was a clerical misprision (Civil Code, sec. 517), and can not be appealed from, until it has been presented and acted on by the circuit court (sec. 516), and the motion to vacate or set aside the same must be made within the first three days of the succeeding term. Sec. 519. Sec. 563 of the Civil Code; Seiler v. Northern Bank, 86 Ky., 134; Bullitt v. Commonwealth, 14 Bush, 74.

E. L. WORTHINGTON ON SAME SIDE.

1. If the judgment was rendered before the action stood for trial, it was a mere clerical misprision (Civil Code, sec. 517), and can not be reversed by this court because no motion was made in the lower court to correct it.

2. But if the judgment is to be treated as void on the ground that the court had no jurisdiction at that term to render it, an appeal will not lie from it, until a motion has been made in the lower court to set it aside. Civil Code, sec. 763.

3. The provisions of sec. 692 and sub-sec. 3 of 694, do not require a plaintiff in bringing an action to enforce his lien to state whether other lien holders had been paid their lien debts or not; this would make the plaintiff's right to enforce his lien dependent upon the willingness of the other lien holders to tell him how much had been paid on their debts.

4. No issues of fact being raised by the pleadings in this action, appellees were absolutely entitled to a submission and judgment at the appearance term thereof under the express terms of sec. 366 of the Civil Code as well as sec. 692.

GARRETT S. WALL OF COUNSEL ON SAME SIDE.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

To secure the payment of three notes, dated February 1, 1894, one to W. H. Rice for $1,045, one to John W. Boulden for $3,580, one to the State National Bank for $2,100, the appellant, J. A. McKibben, executed and delivered to the parties named a mortgage on a certain

tract of land situated in Mason county, Ky.    The executors of the will of T. T. Worthington, deceased, held the Rice note and instituted this action thereon to recover a personal judgment against the appellant, McKibben, and to enforce the lien created on the land by the mortgage.    To this action John W. Boulden and the State National Bank were made defendants.    The petition sets out the facts with reference to the execution of the notes and mortgage, and alleges that liens existed on the land in favor of the parties named in virtue of the mortgage. It is stated in the petition that the plaintiff did not know what, if any part of the sums mentioned in the mortgage as owing to the defendants, the State National Bank and John W. Boulden, had been paid.    McKibben was duly summoned to answer the action at the June term, 1896. On June 3, 1896, Boulden filed his answer and made it a cross petition against McKibben in which he set up his lien on the land.    On June 9, 1896, the State National Bank did likewise.    In each of these cross petitions a personal judgment was asked against McKibben.    McKibben did not file an answer to the petition; nor did he answer the pleadings of Boulden or the State National Bank.    On June 26, 1896, the court rendered a judgment ordering a sale of the land to pay the lien debts, but no personal judgment was rendered against McKibben on the claims of Boulden and the State National Bank.

It is insisted on this appeal that the court was not authorized to render the judgment at the time it was entered.

The question raised involves the interpretation of section 692, Civil Code of Practice, which reads as follows:

"The plaintiff in an action for enforcing a lien on property shall state in his petition the liens held thereon by others, making them defendants; and may ask for and obtain a judgment for a sale of the property to satisfy all said liens which are shown to exist, though the defendants fail to assert their claims. Such defendants shall not, however, be allowed to withdraw or receive any of the proceeds of such sale, until they have shown their right thereto by answer and cross petition. But, unless a personal judgment be prayed for in such cross petition, there need not be any summons thereon; and it shall be treated with reference to the time of answering thereto as a set-off or counter claim."

The plaintiff complied with this section by stating the liens held by others, and in making lien holders defendants. The plaintiff alleged that the land could not be divided without materially impairing its value; and that it was best for all the parties, including the mortgagor, that the tract of land should be sold. This allegation was sustained by an affidavit filed in the action. Although persons holding liens upon property upon which a plaintiff's lien exists, might not want to enforce their liens, still it is within the power of the plaintiff to obtain the sale of the property to satisfy the liens upon it. If this were not true, then one person holding a lien upon property could prevent a sale of it to satisfy other liens upon it. When a lien holder is made a defendant, it is not necessary for him to answer in order to entitle

the plaintiff to have the land sold to satisfy the liens upon it. If such a lien holder could, by failing to answer, prevent a sale, he would produce the very evil which the Legislature sought to prevent. If, however, defendants, lien holders, fail to show their right to part of the proceeds of the sale by answer and cross petition, then the court would not allow them to withdraw or receive any of the proceeds of the sale. In this case the defendants, lien holders, filed answers and cross petitions, and asserted their right to part of the proceeds of the sale. If the defendant, McKibben, had desired to question the correctness of the allegations of the petition, he could have filed an answer thereto making whatever issue the facts would justify him in doing. If he desired to file a pleading to raise an issue as to the allegations of the answers and cross petitions, then the section of the Code under consideration required him to do so within the time allowed a party under the Code for making an issue on a set-off or counter claim. His failure to file such pleadings authorized the court to take for confessed, the allegations of the answers and cross petitions with reference to the facts which showed the existence of their liens. From the allegations of the petition the whole tract of land could have been sold without the answers and cross petitions of Boulden and the State National Bank. The mere fact that in the cross petitions the defendants, lien holders, sought personal judgments against McKibben, did not deprive them of their right to a sale of the property and participation of the proceeds of it; neither should that fact have delayed the sale of the

property to satisfy the liens. If they desired personal judgments, then it was necessary for them to have served upon the defendants summonses issued upon their cross petitions.

The fact that the plaintiff could not state what, if any part of the debts, had been paid to Boulden and the State National Bank, did not make it erroneous for the court to order a sale of the property to satisfy the liens upon it. It is not supposed that the plaintiff would be able to state the exact amount due each lien holder, besides, under the provision of the Code mentioned, that could be ascertained when the defendants asserted their right to receive their share of the proceeds of the sale. Had it been necessary for the plaintiffs to have been definite in stating the exact amount of liens held by others in order to entitle them to a sale of the property, then that necessity was obviated because the other lien holders filed answers and cross petitions making definite and certain the amount of their respective claims, and the appellant failed to controvert their statements.

The judgment is affirmed.