## Bank of Tollesboro v. W. T. Raleigh Company, et al.

(Decided December 14, 1926.)

### Appeal from Lewis Circuit Court.

1. Mortgages—Senior Mortgagee, Not Asserting Right in Proceeding to Foreclose Junior Mortgage, is Not Barred, Unless Petition Avers Facts Authorizing Judgment Barring Her Right.—Senior mortgagee, failing when summoned to plead her claim in proceedings to foreclose junior mortgage, is not barred, unless the petition avers facts authorizing judgment thereafter barring and tolling her right.

2. Judgment—Judgment in Foreclosure Suit Subordinating Senior Mortgage Held Unsupported by Pleadings; no Reasons Therefor Being Alleged (Civil Code of Practice, Section 692, 694, Subd. 3). —Where petition in suit to foreclose junior mortgage alleged that senior mortgagee was claiming some interest, and called on her to set up her claim, or forever be barred, but contained no averment showing that senior mortgage had been paid or discharged, or any reason why it was not superior to plaintiff's mortgage, held, judgment in so far as it attempted to adjudge senior mortgage subordinate to plaintiff's mortgage was unsupported by pleadings, and invalid, in view of Civil Code of Practice, sections 692, 694, subd. 3.

3. Mortgages—Pleading—In Foreclosure of Junior Mortgage, Senior Mortgagee and Her Assignee Held Necessary Parties, and Striking Their Answer in Cross-Petition Error.—In action to foreclose junior mortgage, striking of answer in cross-petition of senior mortgagee and her assignee, filed after judgment purporting to foreclose their rights, held erroneous, since they were necessary parties to a full determination of the cause.

4. Mortgages—Petition in Suit to Foreclose Junior Mortgage on Undivided Interest in Land, Containing no Averment as to Divisibility of Land, Held Defective.—Petition in suit to foreclose junior mortgage on undivided interest in land, containing no averment as to the divisibility or indivisibility of the land covered by the mortgage, held defective.

ALLEN D. COLE for appellant.

R. D. WILSON, HARVEY PARKER, JR., and LAWRENCE POSTON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

On December 11, 1922, Orin Ruggles and wife executed and delivered to Trumbo and Wilson a note for $1,355.46, due one year thereafter, with interest, secured by mortgage on a one-fourth undivided interest in a tract of land owned by Ruggles. Soon thereafter and before the note became due Trumbo and Wilson assigned the note to appellee, the W. T. Raleigh Company, of Illinois, for a valuable consideration in due course of business. When the note became due and was not paid the W. T. Raleigh Company instituted an action in the Lewis circuit court against Ruggles and wife and Trumbo and Wilson, endorsers, asserting a lien upon the land under the mortgage and making this averment: "Plaintiff says that the defendant, Aurora Ruggles, is claiming some interest in said property by virtue of a mortgage dated August 14th, 1922, and recorded in office in mortgage

book "T," page 235, and she is hereby called upon to assert herein whatever claim, if any, she may make to said property, or be forever barred." Later the action was dismissed as to Trumbo and Wilson on motion of the plaintiff, now appellant. The other defendants, including Aurora Ruggles, filed no answer and made no defense, and on motion of the plaintiffs the petition to which the note and mortgage were attached was taken for true and confessed, and judgment entered against Orin Ruggles and wife for the amount of the note and interest, enforcing the mortgage lien and directing a sale of the land, and further adjudging: "The defendant Aurora Ruggles has no lien upon the interest of the defendant, Orin Ruggles, in the property hereinafter described, and that she be and she is hereby barred from setting up any and all claims thereon by reason of the mortgage referred to in the pleadings." Further along in the judgment is this sentence: "The plaintiff has a superior lien, prior to all other persons, including the defendants, upon the undivided one-fourth interest of the defendant, Orin Ruggles, in remainder in and to the following described tract or parcel of land." There was no objection to the judgment, and therefore no exceptions saved. It was entered at the February term, 1925, and the court adjourned about a week later when the orders were signed, closing the term. At the next term of the court, opening on the 15th of June, Aurora Ruggles tendered and offered to file and did file her petition and affidavit praying an order against the Raleigh Company and the master commissioner of the court and all others acting in their behalf, enjoining and restraining them and each of them from further proceeding under the judgment entered at the February term, directing a sale of the land for the payment of the Raleigh Company debt, and also asking that the judgment be vacated and set aside and that she be permitted to file her answer setting up the mortgage lien under which she claimed. A temporary restraining order was upon hearing granted by the circuit judge. About the same time she filed her separate answer and cross-petition in the original action, averring that Orin Ruggles and wife by their promissory note of August 14, 1922, promised and agreed to pay to her the sum of $800.00, with interest, and that to secure that note Orin Ruggles and wife executed and delivered to her a first mortgage on the one-

fourth undivided interest in the 200 acres of land described in the petition and on which land the Raleigh Company asserted a mortgage. She prayed for judgment against Orin Ruggles and that her answer be taken as a cross-petition against him, prayed judgment subjecting the lands covered by the mortgage to her debt and she be adjudged a prior and superior lien upon the lands. Since the making of the note and mortgage she had borrowed $500.00 from appellant, Bank of Tollesboro, and to secure that loan pledged the note of Orin Ruggles and also the mortgage held by her, and the bank at the time of the filing of the answer held the note and mortgage, but this was not disclosed in her original answer. Neither was there anything on the records where the mortgage was recorded to show that the Bank of Tollesboro had any interest in the note or mortgage made by Orin Ruggles to Aurora Ruggles at a prior date to the note and mortgage made to Trumbo and Wilson, and it is admitted that the Raleigh Company, in bringing its action, had no personal knowledge of the fact that Aurora Ruggles had assigned her note and mortgage to the bank.

The Bank of Tollesboro also filed answer and cross-petition in the original action setting up its claim under the note and mortgage assigned to it. Later, on motion of the Raleigh Company, the answer and cross-petition of both the bank and Aurora Ruggles were stricken and the original judgment allowed to stand. The trial court delivered a written opinion, holding that the judgment rendered at the February term, directing a sale of the land and adjudging the lien of the Raleigh Company prior and superior to that of the bank and Aurora Ruggles, was a final order, being signed by the court at a previous term, it could not be set aside or modified at a subsequent term, the court having lost jurisdiction, for which reason the court could not reopen the judgment, allow answer to be filed and the question to be relitigated after having adjudged the Raleigh Company a prior and superior lien upon the mortgaged land.

While it was the duty of Aurora Ruggles when summoned in the original action and called upon to plead and set up her prior note and mortgage to do so, she was not barred unless the petition averred facts authorizing the judgment thereafter entered barring and tolling her right and to assert her note and mortgage, and the judg-

ment was to that extent invalid. The first literary paragraph of the petition sets out the fact that the W. T. Raleigh Company is a corporation doing business in Illinois. The second literary paragraph avers that on December 11, 1922, Orin Ruggles and wife executed and delivered to Trumbo and Wilson their note and mortgage for $1,355.46, and that the sum is yet unpaid. It is also averred that on or about December 11, 1922, Trumbo and Wilson assigned the note and mortgage to the Raleigh Company and it was the owner and holder of the same, and the note and mortgage were made exhibits of the petition. Then came the averment, copied above, that Aurora Ruggles is claiming some interest in the mortgage dated October 14, 1922, and calling upon her to set up her claim, if any, or forever be barred. There is no averment with respect to the Aurora Ruggles mortgage and note showing that it has been paid or discharged or that it is subsequent in time to that of the Raleigh Company, or showing any reason why the mortgage of Aurora Ruggles is not prior and superior to that of the subsequent mortgage upon which the Raleigh Company relied. This being true, the judgment entered by the court is unsupported by the pleadings insofar as it attempted to adjudge the mortgage of Aurora Ruggles subsequent and subordinate to that of the mortgage executed to Trumbo and Wilson. Under section 692, Civil Code, the plaintiff in an action to enforce a lien on property is required to state in the petition the name of all other lienholders and make them defendants, and he may ask for and obtain judgment for the sale of the property to satisfy all liens which are shown to exist, though the defendants who hold such liens fail to assert their claim. However, no defendant will be permitted to withdraw or receive any of the proceeds of such sale until he has shown his right thereto by answer and cross-petition. In the case of Sayler v. Union Bank, 149 Ky. 847, it was held that if all the lien debts are due, it is error, in a proceeding to enforce one of the liens, to order a sale of the property subject to the other liens. And in Fisher v. Evans, 175 Ky. 300, it was held that in an action such as this, to enforce a junior mortgage the holder of the senior mortgage is a necessary party and that the sale may be made subject to the lien of the senior mortgage if the debt secured thereby is not due. By subsection 3 of section 694, Civil Code, the plaintiff in an action to enforce

a lien on real property is required to state in his petition the liens, if any, which are held thereon by others and make the holders defendants, and the court is not allowed to carry out a sale of the property and pay any lien prejudicial to the rights of the holders of any other liens.

The sale was to the plaintiff, now appellee company, and only a little more than $1,000.00 was realized. The validity of the sale need not be considered because the junior mortgagee being the purchaser, will have all the excess over the amount of the senior mortgage of $800.00. No distribution of the funds to the junior mortgagee could properly be had until the senior mortgagor was made a party defendant and came in and asserted his claim by answer and cross-petition. But inasmuch as the petition of the Raleigh Company, Making Aurora Ruggles party defendant, and calling upon her to set up her mortgage lien, did not aver facts sufficient to warrant the judgment of the court holding her mortgage lien subordinate to that of the Raleigh Company, the judgment was to that extent unauthorized and void. The matter then stood as though the junior mortgagee had instituted the action without making the senior mortgagee whose mortgage was of record a party defendant and calling upon her to assert her lien. The trial court erred in sustaining the motion of the Raleigh Company to strike the answer and cross-petition of the bank of Tollesboro and of Aurora Ruggles, because they were not only proper but necessary parties to a full determination of the cause.

The petition, which contains no averment as to the divisibility or indivisibility of the lands covered by the mortgage, was defective.

Judgment reversed, with directions to allow the parties to plead to an issue and to prepare the case upon its merits.