## Jones v. Chipps et al.

Dec. 17, 1943.

Eaton & Eaton for appellant.

C. H. Lowry for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Appellees, J. E. and W. E. Chipps, brought this action against Wayne E. Jones and wife, Vivian, A. M. Anderson, Receiver of the City National Bank of Paducah, and L. M. Jones to quiet title to a certain lot in the City of Paducah. From a judgment declaring that the title was in appellees, an appeal is prosecuted only by L. M. Jones.

The property was formerly owned by Wayne E. Jones and wife, who on December 21, 1927, mortgaged it to the First National Bank of Paducah to secure three mortgage bonds of $1,000 each, one of which became the property of appellees and the other two were held by the bank. Subsequently the First National was taken over by the City National Bank.

To secure a debt of $1,266 represented by ten notes, Wayne E. Jones and wife executed to L. M. Jones on December 21, 1927, a second mortgage on this same property. L. M. Jones pledged these notes to the First National as collateral to secure a debt he owed it and on the margin of the book wherein this second mortgage is recorded in the county court clerk's office he executed this assignment: "For value received I hereby transfer and assign all the within described notes to First National Bank. This the 7th day of August 1928, as of June 30, 1928. (Signed) L. M. Jones."

The indebtedness of Wayne E. Jones to L. M. Jones was reduced to $648.42 when on February 2, 1931, the former executed to the latter a series of renewal notes aggregating that sum, which were secured by the terms of the second mortgage. These renewal notes were delivered to the City National in satisfaction of the unpaid notes of the first series. On the margin of the mortgage book where this second mortgage is recorded appears this transfer from the First National to the City National: "For value received we hereby transfer and assign all of the within described notes to City National Bank as its interest may appear. This 7th day of October 1932. (Signed) First National Bank by R. L. Bishop, Cashier." The pleading filed in this action by the City National avers this transfer was executed to it on November 17, 1930, but it is immaterial whether that date is correct or that October 7, 1932, is the date the transfer was executed.

The City National suspended business on October 28, 1931, and its affairs were placed in the hands of a receiver. On February 14, 1933, appellees filed their petition in equity against Wayne E. Jones and wife, the City National Bank and its receiver, and L. M. Jones to foreclose the $3,000 mortgage, alleging they owned one of the bonds and that the bank owned the other two. That petition contained this allegation: "The defendant, L. M. Jones, is claiming to have some lien upon or

interest in the property hereinbefore described and he is now called upon to file his answer herein and show what interest if any he has in the property involved in this action.''

L. M. Jones was served with summons but failed to answer in the foreclosure action, but the receiver of the bank answered and set up its bonds and asked that a first lien be adjudged against the property by virtue of the mortgage to secure the bonds and that the property be sold in satisfaction thereof. The judgment recites that Wayne E. Jones and wife were before the court by a warning order and that L. M. Jones had been properly summoned and failed to answer, and it decreed a sale of the property to satisfy the $3,000 mortgage with interest. The property was duly appraised at $3,000 and at the commissioner's sale held on June 12, 1933, was bought by appellees for $1,665, out of which the master commissioner was ordered to pay $262,45 to satisfy back taxes.

L. M. Jones was indebted to the City National Bank in the sum of $8,115.17 and by an order made in the U. S. District Court for the Western District of Kentucky on April 20, 1936, in the bank's receivership matters wherein he settled this debt with the receiver for $1,100 it was ordered that the collateral held by the bank to secure the debt be returned to him. By virtue of this order L. M. Jones recovered the notes Wayne E. Jones had previously executed to him which he had assigned of record to the First National and it in turn had assigned on the margin of the mortgage record to the City National. In the present action to quiet title L. M. Jones by an answer and cross-petition sets up these notes and the second mortgage securing them and claims a lien upon the property by virtue thereof. He insists that the foreclosure petition did not comply with sec. 692 and subsection 3 of sec. 694 of the Civil Code of Practice, in that it did not state the amount and character of the lien held by him; that these code provisions were not met by merely making him a defendant and averring that he was claiming a lien upon the property and calling upon him to answer and show what interest, if any, he had in the property, citing Bank of Tollesboro v. W. T. Raleigh Co., 218 Ky. 516, 291 S. W. 1039.

The Raleigh case is easily distinguished from the one at bar in that there the senior mortgagee did not

answer in a foreclosure action brought by the junior mortgagee wherein the former was named as the defendant who was claiming some interest in the property and asked to set up his claim. At the succeeding term after the judgment of sale was entered the chancellor refused to let the senior mortgagee file answer and cross-petition setting up her lien on the ground that the judgment of sale. was a final order and he had lost control thereof when that term ended, and he adjudged that she was barred from setting up any claim by reason of her first mortgage. That judgment was reversed and it was written in the opinion that the duty of the senior mortgagee when summoned was to plead and set up her debt, but that she was not barred by failing to do so and under subsection 3 of sec. 694 the chancellor could not carry out a sale of the property and pay any lien prejudicial to the rights of the holders of other liens.

In the case at bar appellees' lien was prior to that of appellant's, if any the latter had under facts to which reference is made in the last paragraph. Under sec. 692 it was necessary to make appellant a party, if he had a lien, but it was not incumbent upon appellees to set out with particularity appellant's lien. Nor was it necessary for appellant to answer and set out his lien in order to entitle appellees to obtain a decree of sale of the lot to satisfy the liens against it, although appellant would not be allowed to receive or withdraw any of the proceeds of sale until he showed his right thereto by answer and cross-petition. McKibben v. Worthington's Ex'r, 103 Ky. 356, 45 S. W. 233, 20 Ky. Law Rep. 61; Safety Motor Coach Co. v. Maddin's Adm'x, 266 Ky. 459, 99 S. W. (2d) 183.

Not only is the law against appellant but also are the equities. This property was appraised at $3,000 and only brought $1,665 when sold to satisfy the first lien, which with interest and back taxes amounted to around $3,622. It can hardly be said that appellant was prejudiced by the sale. Especially is this true when the sale was had in June 1933, and appellant never asserted his claim until after this suit was instituted in 1942, a period of practically nine years.

At the time appellees brought the foreclosure suit in February 1933, appellant was not a holder of the lien of record, as the notes set up in his answer and cross-

petition in the present action had been transferred on the margin of the mortgage book to the First National by him which in turn had assigned them to the City National, which latter bank was made a party defendant and answered and set up the lien it claimed. The transfer of the notes on the margin of the book wherein the mortgage is recorded operated as an assignment of the mortgage to the bank. Securities Inv. Co. of St. Louis v. Harrod Bros., 225 Ky. 12, 7 S. W. (2d) 492; Drinkard v. George, 237 Ky. 560, 36 S. W. (2d) 56. There is nothing in the record to show that the appellees had actual knowledge that L. M. Jones had merely pledged these notes as collateral to the bank and as the records in the county court clerk's office showed a transfer of same to the bank by L. M. Jones, the appellees, in the absence of actual knowledge that the notes had been merely pledged as collateral, were authorized to rely upon the record and to make only the bank a party defendant under sec. 694. L. M. Jones was not a necessary party nor even a proper party to the foreclosure action.

The judgment is affirmed.