Paul B. OWENS, Appellant,

v.

The FIRST COMMONWEALTH BANK OF PRESTONSBURG, KENTUCKY, Appellee.

Court of Appeals of Kentucky.

Dec. 20, 1985.

Rehearing Denied March 28, 1986.

Paul P. Burchett, Rowland & Burchett, Prestonsburg, for appellant.

Clifford B. Latta, Prestonsburg, for appellee.

Before COMBS, COOPER and MILLER, JJ.

MILLER, Judge.

On June 30, 1981, appellee, First Commonwealth Bank of Prestonsburg, Kentucky (the bank), filed suit in the Floyd Circuit Court to enforce its security interest in a 1972 Cessna 421B airplane. Appellant, Paul B. Owens, was named as defendant. Owens and one Roger Colvin, now deceased, were co-owners of the airplane and co-makers of a note and security agreement executed in favor of appellee. The note provided for acceleration upon the death of either maker. The bank, upon learning of Colvin's demise, filed its complaint alleging that his death created a default although the payments on the note were current. The bank prayed for judgment in the amount of $57,436.61, being the balance of the note. On August 12, 1982, the trial court sustained appellee's motion for leave to sell the aircraft and ordered the Master Commissioner to appraise the plane and conduct a public sale. The aircraft was appraised at $75,000.00.

At the public sale held on October 30, 1982, the Commissioner received one bid, and only one bid, of $50,000.00 from the appellee bank. The bank became the purchaser. The bank resold the airplane at private sale in February, 1983, and received $66,500.00 at this second sale.

On May 17, 1983, the bank filed a motion for a deficiency judgment seeking $20,860.29. This sum is for expenses incurred in maintaining the aircraft and preparing same for sale, and the difference between the balance of the note and the amount received at the public sale, to wit, $7,436.61. The motion for a deficiency judgment was sustained and judgment was entered accordingly on May 14, 1984.

Appellant raises three arguments in this appeal. First, he alleges that the public sale conducted by the Master Commissioner was not "commercially reasonable" as required by KRS 355.9-504(3). Second, he argues he should be given credit for the greater proceeds received in the second (private) sale. Finally, he complains of improper application and distribution of the funds which enhanced the amount of the deficiency against him.

■ Part 5 of Article 9 of the Uniform Commercial Code (KRS 355.9-501-.507) provides several remedies of which creditors may avail themselves. For example, a creditor may retain repossessed collateral in satisfaction of the debt. KRS 355.9-505. KRS 355.9-504 provides that a creditor

may sell the collateral, either publicly or privately, and apply the proceeds of the sale in satisfaction of the debt which is owed to him. In this event, the disposition must be upon a commercially reasonable basis. The burden of so showing is upon the creditor. *See Bank Josephine v. Conn*, Ky.App., 599 S.W.2d 773 (1980). A creditor, however, is not bound to pursue either of these code remedies and may elect to rely on non-code remedies. We believe that is what occurred in the case *sub judice*. It appears that the bank elected to adopt a procedure akin to a real estate foreclosure because it sued on the note and then sought an interlocutory order to sell the airplane at a judicial sale and apply the proceeds.[1] This non-code remedy (being a judicial sale) is not subject to the code requirement that virtually every aspect of the sale be commercially reasonable. The Master Commissioner need only follow those requirements set forth in KRS Chapter 426. The code provides that a sale "approved in any judicial proceeding ... shall conclusively be deemed to be commercially reasonable." KRS 355.9–507(2). There is nothing in the record which indicates the Commissioner's sale was irregular. Since no plea has been made that the sale was fraudulent nor that the bank's bid was disproportionately low, equitable principles cannot be invoked to void the sale. We conclude the judicial sale of the airplane to have been appropriate. It necessarily follows that appellant was not entitled to the greater proceeds received at the private sale. He must look to the proceeds of the judicial sale for any credit on the indebtedness.

■ Appellant protests that some expenses were improperly charged to him in the deficiency judgment. The expenses associated with the Master Commissioner's sale were properly charged to the debtor. *See* 47 Am.Jur.2d *Judicial Sales* § 327 (1969). However, any expenses incident to

the private sale conducted by the bank may not be charged to the debtor. Thus, appellant is entitled to a credit of $536.75 for certain expenses related to the second sale.

■ The bank, upon becoming the purchaser of the airplane, paid the holder of a mechanic's lien on same and then asserted this was a legitimate item of expense to be charged to the debtor. We disagree. While this may have been proper under the code (KRS 355.9–504), the bank—in electing a non-code remedy—must follow the statutory procedures set forth in KRS 426.-006. This statute requires one seeking to enforce a lien to name other lienholders as defendants in the action. It is the responsibility of the defendant-lienholders to protect their interests in the property. We cannot ascertain whether the bank followed the procedure outlined in KRS 426.006 because the record in this case is in the form of an agreed statement. CR 75.15. In any event, the bank cannot gratuitously pay the mechanic's lienholder and charge same to the debtor. The bank argues that a provision of its security agreement with the debtor enables it to pay liens and taxes on the collateral and charge same to debtor. This provision is designed to protect the bank's security interest in the collateral. However, upon sale of the collateral at the judicial sale, the bank's security interest was extinguished and provisions of the security agreement became inoperative. Thus, the bank erred in including the amount of the mechanic's lien ($8,856.76) in the deficiency.

For the foregoing reasons, the judgment of the Floyd Circuit Court is affirmed in part and reversed in part, and this cause is remanded for proceedings consistent with this opinion.

All concur.

---

1. Had appellee sought to proceed strictly under the code, it would have only been necessary to acquire possession of the airplane (KRS 355.9–503) and dispose of same at a public or private sale. KRS 355.9–504. A judicial sale would not have been required. In the event peaceful possession could not have been obtained, the bank could have applied for a writ of possession. KRS 355.9–503. KRS Chapter 425.