MORTGAGE ELECTRONIC REGIS-
TRATION SYSTEMS, INC.; and Its
Assignee, Bank of America, N.A., Ap-
pellants

v.

MAINSOURCE BANK; Kevin F. Spald-
ing; Carmen G. Spalding a/k/a Car-
men Griffith; and Belgary Auto Sales,
Inc., Appellees.

No. 2012–CA–001168–MR.

Court of Appeals of Kentucky.

Feb. 21, 2014.

John R. Wirthlin, Thomas H. Stewart, Michael B. Hurley, Cincinnati, OH, for appellant.

Anthony G. Raluy, Louisville, KY, for appellee.

Before LAMBERT, MOORE, and VANMETER, Judges.

## OPINION

VANMETER, Judge:

Mortgage Electronic Registration Systems ("MERS") and its assignee Bank of America, N.A. appeal from the Jefferson Circuit Court's order denying their CR[1] 59.05 motion to vacate the order confirming the Master Commissioner's sale and ordering deed. For the following reasons, we reverse and remand.

■ On March 14, 2006, Carmen Griffith (now Spalding) took out a loan to purchase her home and, in exchange, executed a mortgage in favor of MERS as assignee of American Mortgage Service Company ("AMS"), its successors and assigns. The mortgage to MERS was recorded on March 21, 2006 (the "2006 mortgage"). Bank of America is the current assignee of that note and the 2006 mortgage.

On November 24, 2010, Carmen and her husband, Kevin Spalding, executed another mortgage on the residential property in favor of MainSource. This mortgage was recorded on January 6, 2011, and served as security for a consolidated business loan to the Spaldings' company, C & K Oil Company, LLC (the "2011 mortgage"). Less than three months later, MainSource declared its note with the Spaldings to be in default, and filed an action in Jefferson Circuit Court for a money judgment and to foreclose the 2011 mortgage.

In MainSource's First Amended Complaint, MainSource acknowledged the existence of three potential liens on the property, including the 2006 mortgage to MERS. MainSource named MERS as a defendant in the Amended Complaint, and called for MERS to enter its claims to the property or be forever barred. MERS did not file an answer or appearance, leading MainSource to file a motion for default judgment. A copy of this motion was sent to the registered agent of MERS, but still no answer was filed. A few months later, AMS assigned the MERS mortgage to Bank of America. No party notified MainSource of this assignment. On September 28, 2011, MainSource renewed its motion for default judgment following a temporary stay due to Carmen Spalding's petition for bankruptcy. A copy of this motion was tendered to MERS's counsel, and again, MERS failed to answer or notify MainSource of the 2006 mortgage's assignment to Bank of America.

On January 13, 2012, the court entered a default judgment in favor of MainSource. The judgment provided that the subject property was to be sold by the Master Commissioner "free and clear of all liens and encumbrances of the parties," and identified MainSource as first priority mortgage lienholder. The Master Commissioner set a sale date of March 6, 2012, for the property. Bank of America filed its first motion, a motion for the sale to be subject to its mortgage, on February 23, 2012, which the court denied, noting "Default Judgment entered after proper service."

The property sold on March 6, 2012, with MainSource as the highest bidder. Bank of America then filed a second mo-

1. Kentucky Rules of Civil Procedure.

tion following the judicial sale, asking the court to find the sale invalid. This second motion was referred to the Master Commissioner. The Master Commissioner entered an Amended Report of Sale[2] on March 13, 2012, but did not address Bank of America's second motion. Upon Main-Source's March 27, 2012 motion to confirm, the court confirmed the Master Commissioner's Amended Report of Sale.

In an April 18, 2012, supplemental report,[3] the Master Commissioner recommended that the court deny Bank of America's second motion. Two days later, the court entered an order confirming the Master Commissioner's supplemental report. On April 30, 2012, Bank of America filed its third and final motion, a motion to vacate the order confirming the Master Commissioner's supplemental report and denying Bank of America's second motion. Along with its motion, Bank of America filed objections to the supplemental report. In its motion, Bank of America claims the court improperly confirmed the supplemental report prior to the expiration of the ten days allowed for objections to the report in CR 53.05(2), and the confirming order should therefore be vacated. The court denied Bank of America's motion to vacate on May 31, 2012; that denial is the subject of this appeal.

CR 59.05 states: "A motion to alter or amend a judgment, or to vacate a judgment and enter a new one, shall be served not later than 10 days after entry of the final judgment." In general, a trial court has unlimited power to alter, amend, or vacate its judgments. *Gullion v. Gullion*, 163 S.W.3d 888, 891–92 (Ky.2005).

The Supreme Court of Kentucky has limited the grounds for relief under CR 59.05 to those established by its federal counterpart, Federal Rule of Civil Procedure 59(e). *Id.* at 893.

There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law. *Id.* (internal footnote omitted). A trial court's ruling on a CR 59.05 motion is reviewed under an abuse of discretion standard. *Bowling v. Kentucky Dept. of Corr.*, 301 S.W.3d 478, 483 (Ky.2009).

Bank of America raises two arguments on appeal. First, Bank of America raises a procedural argument, asserting that the court did not comply with CR 53.05 when confirming the Master Commissioner's supplemental report. Second, Bank of America argues that substantively, the property should not have been sold free and clear of the 2006 mortgage because Bank of America asserted its claim prior to the judicial sale.

Under Bank of America's first argument, it claims that because CR 53.05 requires a ten-day period for the filing of objections to a Master Commissioner's re-

---

**2.** The original Master Commissioner's report contained a clerical error, noting the sale price as $0.00, so an amended report was filed stating the correct sale price.

**3.** This supplemental report only addressed Bank of America's second motion, filed on March 12, 2012, which was referred to the Master Commissioner but not addressed in the original Master Commissioner's report or the Amended Report.

port, the trial court abused its discretion by confirming the Master Commissioner's supplemental report two days after the report was filed and by failing to rule on Bank of America's objections to the report. CR 53.05 states:

> (2) Action on report. Within 10 days after being served with notice of the filing of the report any party may serve written objections thereto upon the other parties. Application to the court for action upon the report and upon objections thereto shall be by motion and upon notice as prescribed in CR 6.04. The court after hearing may adopt the report, or may modify it, or may reject it in whole or in part, or may receive further evidence, or may recommit it with instructions.

We agree with Bank of America that, procedurally, the court should not have confirmed the Master Commissioner's report before the ten-day period for objections had closed. Moreover, we agree with Bank of America's substantive claim that under KRS [4] 426.006 and 426.690, the court improperly confirmed the judicial sale without making it subject to Bank of America's senior mortgage. While Bank of America and its predecessor, MERS, failed to bring their claim in the foreclosure proceedings initiated by MainSource, and therefore had a default judgment entered against them, Bank of America's presentation of its claim prior to the judicial sale was sufficient to prevent its senior mortgage from being extinguished by MainSource's junior mortgagee foreclosure action.

KRS 426.006 directs:

> The plaintiff in an action for enforcing a lien on property shall state in his petition the liens held thereon by others, making them defendants; and may ask for and obtain a judgment for a sale of the property to satisfy all of said liens which are shown to exist, though the defendants fail to assert their claims. Such defendants shall not, however, be allowed to withdraw or receive any of the proceeds of such sale, until they have shown their right thereto by answer and cross claim, which shall be asserted as provided in the Rules of Civil Procedure.

In this case, MainSource properly stated the liens held by others, including MERS, and named them as defendants when it initiated the foreclosure proceedings. Once MERS or Bank of America failed to answer, the court properly entered a default judgment in favor of MainSource, in accordance with CR 55.01.

However, KRS 426.690 [5] states:

> The plaintiff in an action to enforce a lien on real property shall state in his petition the liens, if any, which are held thereon by others, and make the holders defendants; and **no sale of the property shall be ordered by the court prejudicial to the rights of the holders of any of the liens,** and when it appears from the petition or otherwise, that several debts are secured by one (1) lien, or by liens of equal rank, and they are all due at the commencement of the action, or become so before judgment, the court shall order the sale for the pro rata satisfaction of all of them, but if, in such case, the debts be owned by different persons and be not all due, the court

---

4. Kentucky Revised Statutes.

5. Prior to enactment of the current code, Kentucky Revised Statutes, the directives of KRS 426.690 were contained in Civ.Code

Prac. § 694, subsec. 3. KRS 426.006 was contained in Civ.Code Prac. § 692. Cases prior to the 1943 enactment of KRS cite to the Civil Code sections noted herein.

shall not order a sale of the property until they all mature. If all such liens be held by the same party, the court may order a sale of enough of the property to pay the debts then due, unless it appear that it is not susceptible of advantageous division, or that, for some other reason, the sale would cause a sacrifice thereof, or seriously prejudice the interests of the defendants, but **the holder of a prior lien may enforce the same when the debt thereby secured is due, notwithstanding the existence of inferior liens, whether the debts secured thereby are due or not; and the holder of an inferior lien, when the debt thereby secured is due, may enforce the same by a sale of land subject to a prior lien or liens thereon,** where the debt or debts secured thereby are not yet due. Provided, that the provisions of this section shall not apply to any liens now of record.

(Emphasis added). In other words, KRS 426.690 forbids judicial sales prejudicing lienholders. Thus, property cannot be foreclosed by a junior mortgage lienholder and sold unencumbered by the senior mortgage lien of record, when the senior lienholder makes its claim known to the court before the judicial sale. *Fisher v. Evans*, 175 Ky. 300, 194 S.W. 361 (1917). The sale disposing of the property free and clear of Bank of America's senior mortgage is clearly prejudicial to Bank of America's rights as a lienholder. Notably, KRS 426.690 permits a foreclosure sale at which the property is sold on petition of a senior mortgage holder "notwithstanding the existence of inferior liens[.]" *Id.* The statute differentiates a foreclosure sale by the holder of an inferior lien, since such sale is "subject to a prior lien or liens thereon[.]" *Id.* The contested property, therefore, should have been sold subject to Bank of America's senior mortgage.

In order for a property at a junior mortgagee's foreclosure sale to be sold unencumbered by the senior mortgage, the foreclosing party must show in its petition to the court some reason why the senior mortgage is not actually prior and superior to the junior mortgage. *Bank of Tollesboro v. W.T. Rawleigh Co.*, 218 Ky. 516, 521, 291 S.W. 1039, 1041 (1926). For instance, the junior mortgagee could show that the senior mortgage had been satisfied or discharged, or that the mortgage was not first in time or prior and superior to the foreclosing party's mortgage. *Id.* Here, MainSource set forth no facts averring that Bank of America's mortgage was in any way inferior to MainSource's mortgage. While the senior mortgagee's duty is to come forward and make a claim setting forth his rights to the property, he cannot be barred from doing so absent facts authorizing such a bar. *Id.*, 218 Ky. at 519, 291 S.W. at 1040. Accordingly, the trial court improperly allowed the foreclosure sale to proceed without accounting for Bank of America's superior lien.

MainSource cites *PNC Bank, N.A. v. Citizens Bank of N. Kentucky, Inc.*, 139 S.W.3d 527 (Ky.App.2003), and *First Horizon Home Loan Corp. v. Barbanel*, 290 S.W.3d 686 (Ky.App.2009), in support of its argument that Bank of America's failure to answer permitted Bank of America's mortgage to be extinguished by the default judgment and the property to be sold unencumbered by the senior mortgage. These cases, however, are distinguishable procedurally and/or factually. In *PNC*, the senior mortgagee moved to vacate the default judgment and order of sale *after* the foreclosure sale had already taken place. Here, Bank of America moved to have the foreclosure sale made subject to its mortgage *before* the sale occurred. In *First Horizon*, the reported facts are not especially clear although Barbanel, the appellee, was not a mortgagee, but rather a

judgment lien creditor who was seeking to collect amounts past due under a divorce decree which had been reduced to a judgment. And a review of the appellate record in that case [6] discloses further that Barbanel's judgment predated the mortgages at issue and a question existed as to whether the mortgagees had demonstrated "good cause" to set aside the default judgments under CR 55.02. 290 S.W.3d at 689. Finally, in neither *PNC* nor *First Horizon* did the court discuss the applicability of KRS 426.690, which has been placed squarely at issue here.

 KRS 426.006 and 426.690 establish duties on the part of mortgage holders. The foreclosing mortgagee has a duty to identify all other lienholders and name them as defendants. The named lienholders then have a duty to answer and establish their rights to the property prior to the sale. Per KRS 426.690, no sale shall occur that is prejudicial to the rights of other lienholders. Practically speaking, the court must have notice of the lienholder's rights and the details of the lien, or else it cannot know whether the sale is prejudicial to another lienholder.

Here, Bank of America asserted its claim to the property prior to the foreclosure sale by filing its first motion, the motion to have the sale made subject to Bank of America's mortgage. As a result, the court had notice of Bank of America's interest in the property prior to the sale. The court therefore erred in allowing the sale to proceed free and clear of Bank of America's mortgage, since the court knew the sale would prejudice Bank of America's rights. On remand, the court shall set aside the March 6, 2012 foreclosure sale, and order the subject property to be resold subject to Bank of America's senior mortgage.

For the above reasons, the order of the Jefferson Circuit Court is reversed and this case is remanded for further proceedings consistent with this opinion.

ALL CONCUR.

---

**6.** Brief of Appellants, Brief of Appellee, *First Horizon Home Loan Corp. v. Barbanel,* (2008–CA–000083 and 2008–CA–000084). Under Kentucky Rule of Evidence 201(b), a court may take notice of its own records. *Hutson v. Commonwealth,* 215 S.W.3d 708, 717 (Ky. App.2006). In addition, the facts in Barbanel's divorce litigation are somewhat set forth in *Lichtenstein v. Barbanel,* 322 S.W.3d 27 (Ky.2010). We raise these points merely to demonstrate that *First Horizon* is unique and factually distinguishable from this case.