KEYBANK NATIONAL ASSO-CIATION, a National Bank, Appellant

v.

George R. ALLEN, Appellee

NO. 2014-CA-001320-MR

Court of Appeals of Kentucky.

RENDERED: AUGUST 26, 2016; 10:00 A.M.

---

BRIEF FOR APPELLANT: James Thomas Hart, Cincinnati, Ohio

BRIEF FOR APPELLEE: No brief filed.

BEFORE: DIXON, D. LAMBERT AND THOMPSON, JUDGES.

## OPINION

THOMPSON, JUDGE:

KeyBank National Association, a National Bank, appeals from a final judgment dismissing its action. The issue presented is whether KeyBank could properly file an action seeking a personal judgment against George R. Allen for default on a promissory note which accompanied a junior mortgage, after KeyBank failed to appear to defend its interests in a prior foreclosure action of the senior mortgage on the property.

On December 20, 2007, KeyBank lent George and his wife, Anna, $46,458.50 secured by a mortgage upon their marital residence in Louisville and a promissory note. This mortgage and note were junior to two mortgages and notes held by JPMorgan Chase Bank (Chase). Subsequently, the Allens separated and divorced.

Pursuant to the Allens' separation agreement, the marital residence was awarded to Anna and she agreed to indemnify George against any claims arising from its ownership. On April 21, 2011, George quitclaimed the property to Anna.

Anna subsequently defaulted on all of the mortgages and filed for Chapter 7 bankruptcy protection. April 27, 2011, was the last payment made on the KeyBank mortgage.

On September 6, 2012, Chase filed a foreclosure action in Jefferson Circuit Court against the Allens, naming KeyBank as a defendant because it held a junior mortgage on the property. In its complaint, Chase noted that it was aware Anna had filed a Chapter 7 bankruptcy action and was not seeking a personal judgment against her. Chase requested a judgment against George, the foreclosure of the mortgage, an order that the real property be sold and its mortgage be paid out of the

proceeds, and "that all other defendants herein be required to set up their liens or interest in said real estate or be forever barred from asserting the same." Although KeyBank was properly served in Chase's foreclosure action, and admits to having notice of the same, KeyBank never entered an appearance or answered the complaint.

On March 14, 2013, the Jefferson Circuit Court granted Chase's motion for summary judgment and entered a final judgment and order of sale.[1] The circuit court awarded Chase a personal judgment against George for the balance due of $144,923.76, plus additional interest, late charges, escrow advances, court costs and attorney fees and a lien against the real estate. The circuit court also found Chase held a second mortgage against the property and granted Chase the right to file a supplemental judgment on this mortgage if there were any excess proceeds from the sale of the property. The circuit court stated "[t]he relief prayed for in the Complaint is granted" and ordered the property sold. The subsequent purchaser was to obtain the real estate, subject to enumerated exceptions that are not relevant to this action, "free and clear of all other liens, encumbrances and interest of any of the parties to the within action[.]" Following full satisfaction of the costs of this action, property taxes and Chase's lien, the balance, if any, was to be held for the defendants. The property was sold by the master commissioner as confirmed by the circuit court on January 21, 2014.

Meanwhile, and before the entry of judgment in the Chase action, on February 25, 2013, KeyBank filed a separate action against George in the Jefferson Circuit Court for his liability pursuant to the note it held. KeyBank did not seek to foreclose its mortgage. It is the resolution of this action that is before us on appeal. In its complaint, KeyBank sought payment of the remaining principal amount of $42,890.60, accrued interest of $5,565.20, ongoing interest and attorney fees.

While both cases were pending, George filed a motion before the Jefferson Family Court seeking indemnification for the personal judgment Chase was awarded against him and any potential judgment awarded in the KeyBank action against Anna based upon the separation agreement. The family court granted his request.[2]

---

1. This was a final and appealable judgment because it directed the property to be sold in satisfaction of a judgment and listed and determined the priorities. *Sec. Fed. Sav. & Loan Ass'n of Mayfield v. Nesler*, 697 S.W.2d 136, 139 (Ky.1985).

2. In the family court's August 6, 2013 order it found that George and Anna entered into a mediated settlement agreement in which she agreed to indemnify him against any "debts, mortgages, and liens against Real Estate[.]" Prior to the execution of the settlement agreement, Anna filed a Chapter 7 bankruptcy petition not seeking discharge of these debts, but subsequent to execution of the agreement and without notice to George, Anna obtained discharge of these obligations. Based on these findings, the family court determined as follows:

While [Anna's] obligations to the mortgagees have been extinguished, her indemnification of [George] survives; therefore,

IT IS HEREBY ORDERED that [George] shall have judgment against [Anna] for any and all sums which he may be called upon to pay arising from any mortgages, debts, or liens against the marital residence.

IT IS FURTHER ORDERED that [Anna] shall pay [George's] reasonable attorney fees incurred in defending against the two (2) circuit court claims filed by Chase and by Keybank, as well as in this post-decree action.

Whether Anna will subsequently be required to follow the family court's order appears to be in doubt because, as George notes, Anna is currently pursuing a Chapter 13 bankruptcy in an effort to avoid her indemnification obligation.

In George's answer to KeyBank's complaint he denied its allegations and raised several affirmative defenses including *res judicata* and waiver. On July 24, 2013, KeyBank filed a motion for summary judgment on the basis that George did not dispute the note was owed and its calculation of the debt could not be disputed. On August 15, 2013, George filed a motion to dismiss KeyBank's suit based upon *res judicata* and attached the following exhibits: the order of indemnification, Key-Bank's note, the complaint in the Chase action and the judgment in the Chase action.

On July 10, 2014, the circuit court entered a final judgment granting George's motion to dismiss and denying KeyBank's motion for summary judgment. The circuit court determined because the lien on the property and promissory note were one and the same, the proper avenue for Key-Bank to recover would have been in the Chase foreclosure proceeding. KeyBank appealed, arguing its action is proper because it is limited to foreclosing on George's note.

We first note that George failed to file a responsive brief. Kentucky Rules of Civil Procedure (CR) 76.12(8)(c) provides discretionary penalty provisions for failure of the appellee to file a brief within the time allowed. *Flag Drilling Co. v. Erco, Inc.*, 156 S.W.3d 762, 766 (Ky.App.2005).

> [T]he court may: (i) accept the appellant's statement of the facts and issues as correct; (ii) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (iii) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

CR 76.12(8)(c). We decline to impose a discretionary penalty.

It is evident from the circuit court's order granting the motion to dismiss that it considered the judgment in the Chase action. Because matters outside the pleadings were considered in granting George's motion to dismiss, we apply the summary judgment standard of review. *Waddle v. Galen of Kentucky, Inc.*, 131 S.W.3d 361, 364 (Ky.App.2004); CR 12.02.

"The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996). Summary judgment "should only be used 'to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant.'" *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 483 (Ky.1991) (quoting *Paintsville Hospital Co. v. Rose*, 683 S.W.2d 255, 256 (Ky.1985)).

Because some background on Kentucky's foreclosure system is helpful in putting the Chase foreclosure action and the present action in context, we explain it before addressing whether *res judicata* applies to this situation. Kentucky provides a unified method for pursuing both a foreclosure and a personal judgment when a mortgage and note are in default. Kentucky Revised Statutes (KRS) 426.005. *See Chambers v. Keene*, 58 Ky. 289, 294 (1858).

 If one mortgagee pursues foreclosure of a mortgaged property, other mortgagees must be named as defendants in the action and their right to recovery from any subsequent sale is dependent upon their participation in that action. As explained in *Mortgage Elec. Registration Sys., Inc. v. MainSource Bank*, 425 S.W.3d 892, 897 (Ky.App.2014):

KRS 426.006 and 426.690 establish duties on the part of mortgage holders. The foreclosing mortgagee has a duty to identify all other lienholders and name them as defendants. The named lienholders then have a duty to answer and establish their rights to the property prior to the sale.

Once other lienholders are named as defendants, "[i]t is the responsibility of the defendant-lienholders to protect their interests in the property." *Owens v. First Com. Bank of Prestonsburg, Kentucky*, 706 S.W.2d 414, 416 (Ky.App.1985). The court can properly order the property sold to satisfy the foreclosing mortgage holder's interest, whether or not other lienholders elect to participate. If lienholders are not properly served their remedy is to promptly seek to vacate a final judgment or seek to intervene once they receive notice; lienholders who do not answer after they have been properly served cannot pursue a separate remedy against the property after it has been sold. *See PNC Bank, N.A. v. Citizens Bank of N. Kentucky, Inc.*, 139 S.W.3d 527, 531 (Ky.App. 2003); *Jones v. Chipps*, 296 Ky. 245, 248, 176 S.W.2d 408, 410 (1943); *McKibben v. Worthington's Ex'rs*, 103 Ky. 356, 45 S.W. 233, 234 (1898).

In the absence of any statute or case law indicating otherwise, we determine that Kentucky follows the majority view that mortgagees can sue on the note or foreclose on the mortgage, either together or separately, with the only limitation being that once a property has been sold, lack of participation in the foreclosure action bars any further remedy against such property. *See Tampa Inv. Group, Inc. v. Branch Banking and Trust Co., Inc.*, 290 Ga. 724, 726, 723 S.E.2d 674, 678 (2012); *Monetary Funding Grp., Inc. v. Pluchino*, 87 Conn.App. 401, 415, 867 A.2d 841, 850–51 (2005); 59 C.J.S. Mortgages

§ 390 (2016); 55 Am.Jur.2d *Mortgages* § 461 (2016).

With this background in mind, we examine whether *res judicata* bars KeyBank's subsequent action on its note after it declined to participate in Chase's foreclosure action. *Res judicata* exists to prevent "a subsequent action where a former judgment has been rendered by a court of competent jurisdiction between the same parties upon the same matter directly involved in the prior suit." *Wallace v. Ashland Oil & Transp. Co., Inc.*, 305 S.W.2d 541, 543 (Ky.1957). *Res judicata* "has a subsidiary rule that a cause of action may not be split and tried piecemeal[,]" thus barring "not only ... the issues disposed of in the first action, but ... every point which properly belonged to the subject of the litigation in the first action and which in the exercise of reasonable diligence might have been brought forward at that time." *Egbert v. Curtis*, 695 S.W.2d 123, 124 (Ky.App.1985). As explained in *Yeoman v. Commonwealth, Health Policy Bd.*, 983 S.W.2d 459, 464–65 (Ky.1998) (internal citations and footnote omitted):

> The doctrine of res judicata is formed by two subparts: 1) claim preclusion and 2) issue preclusion. Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action. The issues in the former and latter actions must be identical. The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts. If the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or could

have been brought in support of the cause of action.

Issue preclusion bars the relitigation of the foreclosure and sale of the property. However, KeyBank is not seeking to relitigate that issue, but to obtain a personal judgment against George pursuant to its note.

 Therefore, we must examine whether the Chase action precludes Key-Bank's claim because it was previously adjudicated. Claim preclusion bars further litigation if three elements are satisfied: "First, there must be identity of the parties. Second, there must be identity of the causes of action. Third, the action must have been resolved on the merits." *Id.* at 465 (internal citations omitted).

 Identity of parties does not require that the parties "must have been plaintiff and defendant, respectively, but it is sufficient if they were asserting adverse interests . . . even though they were both denominated defendants or plaintiffs." *Vaughn's Adm'r v. Louisville & N.R. Co.*, 297 Ky. 309, 314, 179 S.W.2d 441, 444 (1944). The Court in *Brown Hotel Co. v. Pittsburgh Fuel Co.*, 311 Ky. 396, 402, 224 S.W.2d 165, 168 (1949), held that "a judgment against codefendants is not conclusive as between themselves with respect to their rights and liabilities toward each other unless an issue was made between them or the parties in the second action were adversary parties in the first action." While compulsory counterclaims must be filed in an earlier litigation or they will be barred in subsequent litigation under *res judicata, Egbert*, 695 S.W.2d at 124, codefendants' claims against each other are properly brought as cross-claims pursuant to CR 13.07. "[C]ross-claims in Kentucky are merely permissive and not compulsory." *Buis v. Elliott*, 142 S.W.3d 137, 141 (Ky.2004). Therefore, when codefendants do not file such cross-claims, "the rights

and liabilities between [them] were not, nor were they required to be, determined by 'an existing final judgment rendered upon the merits' in the original action." *Id.* (quoting *Yeoman*, 983 S.W.2d at 464). *See United States v. Berman*, 884 F.2d 916, 923 n. 9 (6th Cir.1989).

The Ohio case of *Fifth Third Bank v. Hopkins*, 177 Ohio App.3d 114, 894 N.E.2d 65 (2008), is directly on point. In an earlier action, a senior mortgagee filed a mortgage foreclosure action against Hopkins (mortgagor) and Fifth Third Bank (junior mortgagee). After neither defendant answered, the court granted the senior mortgagee a default judgment of foreclosure and ordered the property sold. Subsequently, Fifth Third Bank filed a complaint for money due on its promissory notes against Hopkins and was granted a judgment after the trial court determined Hopkins's defense of *res judicata* did not apply.

The appellate court affirmed, determining Fifth Third Bank's complaint was not barred by the doctrine of *res judicata* because in the prior case Fifth Third Bank and Hopkins were not adverse parties but co-parties. While Fifth Third Bank could have brought a cross-claim against Hopkins, it was not required to do so because under the relevant Ohio rule cross-claims are permissive. *Id.* at 118, 894 N.E.2d at 69. The appellate court explained that in the absence of a statute requiring otherwise, creditors whose debt under a note is secured by a mortgage may seek a remedy *in rem* based on the mortgage or *in personam* based on the note. *Id.* at 119–20, 894 N.E.2d at 69–70. "While the [prior] decision . . . barred Fifth Third Bank's claims regarding any interest it may have had in the real estate, it did not bar Fifth Third Bank's right to pursue money damages at law on the notes as separate and distinct contractual obligations." *Id.* at 120, 894 N.E.2d at 70.

We determine that the reasoning of *Hopkins* is persuasive and in accordance with the Kentucky rule that cross-claims are permissive. In Chase's foreclosure action, George and KeyBank were both defendants. While KeyBank could have appeared and filed a cross-claim against George for a personal judgment on its note, KeyBank was not required to do so. Therefore, in the absence of any prior ruling on KeyBank's right to pursue money damages under the note, and any authority requiring KeyBank to pursue its action on the note during the Chase foreclosure action, KeyBank's current action is not barred.

Accordingly, we reverse and remand the Jefferson Circuit Court's final judgment dismissing KeyBank's action for a personal judgment against George A. Allen for default on a promissory note.

ALL CONCUR.